## GUSTAVEL v. THE STATE.

[No. 18,981.　Filed June 15, 1899.　Rehearing denied Dec. 15, 1899.]

FISH AND GAME.—*Statutes.*—*Constitutional Law.*—The act of 1899 (Acts 1899, p. 195), for the protection of fish and game, is not violative of article 4, §19 of the Constitution as embracing more than one subject, since the taking of fish from the waters of the State, the protection of the waters from such pollution as will destroy the life of fish, and the definition of the powers of certain officers relative to the enforcement of the fish and game laws, are properly included in the subject of the protection of fish and game. *pp. 614–616.*

SAME.—*Statutory Construction.*—The clause "in any of the waters of this State," as used in §4 of the fish and game law of 1899 (Acts 1899, p. 195) should be read and understood "in any of the *other* waters of this State," and, when so read, the section means that no fish shall be taken from any of the streams of the State during the months of May and June, and that no fish shall be taken except with hook and line in any other waters of the State in January, February, March, May, and June, excepting in Lake Michigan and the Ohio river, and in private ponds.　*pp. 616, 617.*

From the White Circuit Court.　*Affirmed.*

| 153 | 613 |
| 154 | 202 |
| 155 | 107 |
| 153 | 613 |
| 157 | 328 |
| 157 | 524 |
| 157 | 525 |
| 153 | 613 |
| 161 | 256 |

*Harold Taylor, E. B. Sellers, W. E. Uhl, B. K. Elliott, W. F. Elliott, F. L. Littleton* and *J. R. Ward,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

DOWLING, J.—This was a prosecution upon affidavit and information in the White Circuit Court, for an alleged violation of section four of an act entitled, "An act to regulate the taking of fish in the waters of this State, etc.," approved February 28, 1899. Acts 1899, p. 185.

The charge is, that appellant, on the 6th day of May, 1899, at the county of White, etc., did, with a hook and line unlawfully take, catch, and kill one fish, to wit, one black bass, more than nine inches in length, in the Tippecanoe river, said river being one of the streams of said State, situated, etc."

The assignment of errors raises the question of the constitutionality of the act, and the specific grounds of objection, as stated in the brief of counsel for appellant, are, that more than one subject is embraced in the act, and that section four is void for uncertainty.

The title of the act is "An act to regulate the taking of fish in the waters of this State; to protect the waters of this State from pollution; granting certain powers to officers relative to the enforcement of the fish and game laws; providing penalties for the violation of its provisions; repealing all laws in conflict therewith; and declaring an emergency."

The only provision of the act directly involved in this appeal is the fourth section which is in these words: "§4. It shall not be lawful to take, catch or kill any fish in any way nor by any device whatever, in the months of May and June in any of the streams of this State; or, except with a hook and line, in any of the waters of this State except Lake Michigan and the Ohio river, and except also in private ponds, between the first day of January, and the first day of April, and between the first day of May, and the first day of

July of any year.  Whoever shall violate or attempt to vio-
late, any of the provisions of this section shall be deemed
guilty of a misdemeanor, and shall be fined not less than five
dollars, and not more than fifty dollars for each offense."
Acts 1899, p. 196.

The constitutional requirement referred to is the follow-
ing:  "Every act shall embrace but one subject, and mat-
ters properly connected therewith; which subject shall be ex-
pressed in the title.  But if any subject shall be embraced in
an act which shall not be expressed in the title, such act shall
be void only as to so much thereof as shall not be expressed
in the title."  Const. Art. 4, §19, §115 Burns 1894.

The rule by which this court is governed in determining
a question as to the constitutionality of a statute is, that
the act will be upheld unless its repugnance to the Constitu-
tion is so obvious as to admit of no doubt. . *Reed* v. *State*, 12
Ind. 641; *Board, etc.*, v. *Silvers*, 22 Ind. 491, 500; *Brown* v.
*Buzan*, 24 Ind. 194, 196; *Henderson* v. *State*, 137 Ind.
552, and cases cited.

It is contended on behalf of the appellant that the act in
question embraces *three* subjects, viz., the regulation of the
taking of fish in the waters of this State; the protection of
the waters of this State  from pollution; and the granting of
certain powers to officers relative to the enforcement of the
fish and game laws.

The subject of the act is the protection of fish and game,
and the several matters referred to by counsel for appellant
as constituting separate subjects, are simply *means to that
end*.  This subject is properly expressed in the title, in lan-
guage so plain that no one can be misled by it.  It has been
held by this court that the title of an act should not express
the end, object, or purpose of the law, but the means by
which such end, object, or purpose is to be accomplished.
The subject of the act of February 28, 1899, is single, and
the means by which its purpose is to be accomplished are
clearly and definitely set out in the title.  The taking of fish

in the waters of this State; the protection of the waters of the State from such pollution as will destroy the life of fish inhabiting those waters; and the grant and definition of the powers of certain officers relative to the enforcement of the fish and game laws, are included in the subject of the protection of fish and game, or are properly connected therewith. *Indiana, etc., R. Co. v. Potts*, 7 Ind. 681; *Central Union Tel. Co. v. Fehring*, 146 Ind. 189; *Henderson v. State*, 137 Ind. 552; *State v. Gerhardt*, 145 Ind. 439, and cases cited; *Henderson v. State*, 50 Ind. 234; *State v. Tucker*, 46 Ind. 355; *Bright v. McCullough*, 27 Ind. 223; *Mills v. Charleton*, 29 Wis. 400, 9 Am. Rep. 578; *State v. Ah Sam*, 15 Nev. 27, 37 Am. Rep. 454; Cooley's Const. Lim. 146.

Fish are a species of game, and, in the law, are generally associated with other animals *ferae naturae*. Cooley on Torts (1880), 435; 4 Blackstone's Com. 144; 2 Kents Com. 347.

It is not necessary for us to express any opinion as to the validity of section eleven of the act. The prosecution is not under that section, and no question arises upon it. If it were held unconstitutional the remainder of the act would be unaffected. Section eleven has nothing to do either with the prosecution or the defense, and as the appellant is in no way aggrieved by it, the question of its validity can not be raised in this case. *Wagner v. Town of Garrett*, 118 Ind. 114; *City of Indianapolis v. Bieler*, 138 Ind. 30; *Regents, etc., v. Williams*, 9 Gill & J. 365, 31 Am. Dec. 72; *Fisher v. McGirr*, 1 Gray 1, 61 Am. Dec. 381.

We are next asked to hold section four invalid because of uncertainty. It is insisted that this section is not "plainly worded", and therefore fails to meet the requirements of article 4, §20 of the Constitution. The rules for the interpretation of statutes deducible from modern decisions, and as stated by the later authorities, require that a reasonable construction shall be adopted with a view to sustain the statute rather than to defeat it. These rules apply as well to

penal statutes as to other enactments. Endlich Int. of Stat., 329; Sutherland on Stat. Const., 354; *State* v. *Hirsch*, 125 Ind. 207; *State* v. *Indiana, etc., R. Co.*, 133 Ind. 69.

An analysis of section four renders its meaning plain. It does not apply to the waters of Lake Michigan, the Ohio river, or to private ponds. It prohibits the taking, catching, or killing of any fish, in any way, or by any device whatever, in the months of May and June in any of the *streams* of this State.

It prohibits the taking, catching, or killing of any fish in any way, or by any device whatever, *except with a hook and line*, between the first day of January and the first day of April, and between the first day of May, and the first day of July of any year, in any of the *waters* of this State. The legislature did not intend to permit by the latter clause, what it had forbidden by the clause immediately preceding it. A distinction is intended between streams and waters. The act is to be read and understood as if it said, "in any of the *other* waters of this State". The intent of the act is evident and it should be carried into effect. Criminal statutes should not be construed so strictly as to defeat their obvious interpretations. The principle of strict construction does not allow a court to make that an offense which is not such by legislative enactment, but this does not exclude the application of common sense to the terms made use of in an act, in order to avoid an absurdity which the legislature ought not to be presumed to have intended. Sutherland on Stat. Const., 354; *Daniels* v. *State*, 150 Ind. 348, and cases cited.

Finding no error in the record, the decision of the White Circuit Court is affirmed.