JEARL D. LAMB *v.* STATE OF INDIANA.

[Nos. 374S52; 174S1. Filed April 4, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is a consolidated belated appeal on the denial of post-conviction relief upon two petitions and by which we are urged to review the following issues:

(1) Was the defendant denied the effective assistance of counsel at and prior to his guilty plea hearing?

(2) Did the court err in summarily dismissing the defendant's third petition for post-conviction relief?

(3) Is the statute under which the defendant was convicted unconstitutional by reason of providing for alternative penalties?

The defendant (petitioner) was charged with first degree murder, and at his request was provided with proper counsel. Following a plea in abatement, he was arraigned, entered a plea of not guilty, requested a jury trial and filed a plea of insanity. Physicians were appointed. Following the filing

of the physicians' reports and their examination by counsel, the insanity plea was withdrawn. While retaining the not guilty plea on the first degree murder charge, the defendant was arraigned on the lesser included offense of second degree murder. He was duly advised of his constitutional rights, for which a proper record was made, and he then entered a plea of guilty to the second degree charge. Thereupon, the State presented a prima facie case, and the defendant was found guilty and sentenced to imprisonment for not less than fifteen nor more than twenty-five years.

Following the commencement of his sentence, the defendant filed his first petition *pro se* for post-conviction relief. The pertinent allegations thereof were as follows:

"8 (a)   Violation of the 14th Constitutional Amendment and Sixth Amendment of the United States Constitution; also Article 1, Section 12 and 13, of the Indiana Constitution.

"(b)   Denial of Speedy and Public Trial.

"*   *   *   *   *

"(d)   Petitioner's Court appointed Counsel shown lack of interest by advising Petitioner to Plead Guilty.

"(9)   Petitioner contends that his Constitutional rights have been gravely violated, specifically, the Sixth Amendment which provides for a 'Speedy and Public Trial' and the Indiana Suprem (sic) Court's Rule 1-4D-Discharge for delay in Criminal Trials also the Fourteenth Amendment to the United States Constitution which provides for Due Process of Law and Equal Protection of Law. Petitioner was threated (sic), tricked and false promises were made to him by David H. McCain, who was Petitioner's Attorney, in order to get Petitioner to Plead Guilty; Petitioner Plead Guilty to Avoid Death Penalty or Life in Prison. This in-deed (sic) violates the Petitioner's Constitutional Rights under the Fourteenth Amendment of the United States; read the opinion of Petition by, Henry C. Alford vs. North Carolina, United States Court of Appeals for the (4th Circuit, 1970) :"

Thereafter, on March 23, 1971, a hearing was had upon the first petition for post-conviction relief. The defendant

appeared at said hearing, in person and by the Public Defender, and the petition was denied. A belated motion to correct errors was subsequently filed and overruled.

On August 6, 1971, the defendant filed a second *pro se* petition for post-conviction relief, styled "Petition to Withdraw Guilty Plea and Vacate Judgment," and on August 16, 1971, this second petition was denied upon the authority of Ind. R. P.C. 1, § 8, which requires all available grounds for relief to be raised in the original petition.

On October 24, 1972, the defendant filed a third *pro se* petition for post-conviction relief, this one styled a Petition for Habeas Corpus. This petition was denied upon the grounds that all matters presented therein had been previously determined upon the first petition; and on January 5, 1973, the court permitted the filing of a *pro se* belated motion to correct errors in the denial of the third petition (habeas corpus petition) and proceeded to overrule the motion, again upon the authority of Ind. R. P.C. 1, § 8, observing that all of the matters collateral to the conviction, including those presented by the third petition (habeas corpus petition) could have been presented in the first petition.

The third petition (habeas corpus petition) was as follows:

"1. Petitioner alleges that the statute under which he was convicted and sentenced, Burns' Indiana Statutes Annotated, Sec. 10-3404, (Acts 1905, § 350, p. 584; 1969, ch. 95, § 1, p. 214) as found in Burns Annotated Statutes, Volume 4, Part 2, 1969 cumulative pocket supplement at page 66, is patently unconstitutional, in that, its multiple penalty provisions violates the equal protection clause of the XIV Amendment to the United States Constitution and the coercive force and effect of said statute violates the unrestrained right to trial by jury, and as such, infringes the protections of the VI Amendment of the Constitution of the United States as well as the Constitution of the State of Indiana."

The motion to correct errors was as follows:

"1. That the Court erred in summarily denying the Petition without making the determination in what manner

to proceed as it relates to the proper Respondent and therefore the Court precluded answer to the Petition contrary to law.

"2. That the Court erred in summarily denying the Petition without further proceedings when an issue of material fact was properly before the Court."

ISSUE I. The issue before us with respect to the first petition for post-conviction relief concerns the defendant's claim of ineffective counsel. As in other issues in post-conviction proceedings, the burden was upon the defendant to prove his contention by a preponderance of the evidence. *Haddock* v. *State,* (1973) 260 Ind. 593, 298 N.E.2d 418; *Childs* v. *State,* (1975) 262 Ind. 621, 321 N.E.2d 841. The trial court's finding upon this issue was that such allegation was not substantiated by the evidence submitted. We have been referred to nothing in the record compelling us to set aside such finding. In post-conviction proceedings, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499. Defendant in this argument, has alluded to another issue urged in his appeal—specifically the alternative sentencing provisions provided for by the second degree murder statute and complains that the defendant had no idea which penalty he would get when he entered the guilty plea. Although it is not directly argued, from the position in the argument section of his brief, we conclude that he attributes his lack of advance knowledge of what his sentence would be to the ineffectiveness and lack of concern of his court-appointed counsel. It is immaterial that the defendant did not know what his penalty would be. His attorney could not have given him any assurance as to which of the alternatives the court would impose. There is, of necessity, a professional judgment to be made in such matters and a calculated risk to be taken. It would be an impropriety for counsel to give any such assurances. Although counsel may have a

reasoned opinion as to what the sentence will be and based thereupon may make a recommendation to his client as to the best course of action to take, he cannot know what the judgment will be. Counsel further charges that the defendant thought that he would get a jury trial, notwithstanding a plea of guilty. The record of the post-conviction hearing does not bear this out. Witness: Question "How many times did you tell him you wanted a jury trial." Answer "Along till I pleaded guilty."

Immediately prior to accepting the plea, the court admonished the defendant fully. He specifically advised the defendant that if he pled guilty it was the duty of the court to assess either a life sentence or a sentence of not less than fifteen or more than twenty-five years. The defendant replied that he understood that. The court further advised the defendant that if a plea of guilty was entered there was no question of a trial or no question of a jury. The defendant acknowledged that he understood this.

At the post-conviction hearing, the defendant testified that it was his own decision to plead guilty. When he was asked by the court what he thought was wrong concerning the plea, the defendant replied that he knew that he broke the law but that under the circumstances he believed that his sentence was excessive. When asked if he believed the court-appointed counsel did not help him, he replied "Yes, he did. I got no kick coming." The record not only fails to negate the trial judge's findings upon this issue, it abundantly supports them.

ISSUE II. We turn next to the defendant's argument that the trial court erred in summarily dismissing his third petition for post-conviction relief (habeas corpus petition), asserting that it presented an issue not so clearly articulated, but nevertheless presented, in the first petition and never ruled upon by the court. The

issue the defendant thusly seeks to have us review is the constitutionality of the statute under which he was convicted[1] under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 12 and 23 of the Constitution of Indiana. In his brief the defendant states that this contention was "broadly stated" in his "petition for post-conviction relief, parts 8 and 9." Such portions of the petition have been hereinabove set forth, and we are confident that no one, save the defendant, will regard them as a charge that the alternative penalty provision of the statute renders it unconstitutional, as a denial of the equal protection of the law and the certainty required by due process. Neither does our review of the record of the hearing reveal any such seemingly untenable suggestion.

It is our intention by our Post-Conviction Remedy Rule 1 to present every convicted person with a vehicle for a full and fair review upon bona fide claims of illegality not reviewable upon direct appeal. To accomplish this, we have made the rules liberal, and we strive to review the merits of the claim rather than to preclude review by invoking procedural technicalities. Nevertheless, if we are to review at all, we must have a modicum of procedural requirements. Paramount is that the reviewing authority be apprised of the petitioner's claim with a degree of specificity that will enable it to focus its attention thereon and hopefully thereby to arrive at a correct answer. Obviously, a charge that the conviction is a denial of due process and equal protection, without more, is of no more assistance than would be a bald charge of unconstitutionality or illegality. In this connection, we have recently said that it is unrealistic to think that one may, by a mere suggestion of error, thrust upon the court the burden of independently exhausting the

---

1. 10-3404. Murder—Second degree.—Whoever, purposely and maliciously, but without premeditation, kills any human being, is guilty of murder in the second degree, and, on conviction, shall be imprisoned in the state prison during life, or shall be imprisoned in the state prison not less than fifteen [15] nor more than twenty-five [25] years. [Acts 1905, ch. 169, § 350, p. 584; 1969, ch. 95, § 1, p. 214.]

possibilities that he may be correct. *Hitch* v. *State,* (1972) 259 Ind. 1, 284 N.E.2d 783 at 786.

We hold that the issue of the constitutionality of the statute had not been taken up and ruled upon by the trial court in the first post-conviction proceedings, and to this extent, the court's entry made upon dismissing the third petition (habeas corpus petition) was in error. The ruling, however, was correct inasmuch as the petition was an attempt to raise an issue available to the defendant under his first petition but not therein raised, and there was no error in summarily dismissing the petition. Post-Conviction Remedy Rule 1, §§ 3 and 8.

ISSUE III. The third petition for post-conviction relief (habeas corpus petition) having been properly dismissed by the trial court, the issue thereby attempted to be presented is not before this Court. Further, Defendant has cited us to no authority supportive of his position.

We note in passing, however, that should there be merit to the defendant's apparently untenable proposition, the infirmity is with respect to the sentence involved and does not go to the validity of the conviction. *Gordy* v. *State,* (1974) 262 Ind. 275, 315 N.E.2d 362 at 366. The defendant, having been sentenced under the lower of the two alternatives made available under the statute, cannot have been hurt. Courts are open only to those who have been injured, and a party who seeks to overthrow a statute must affirmatively show that he has been prejudiced thereby. *Gustavel* v. *State,* (1899) 153 Ind. 613 at 616, 54 N.E. 123; *Currier et al.* v. *Elliott,* (1895) 141 Ind. 394 at 407, 39 N.E. 554; *Gallup, Executor* v. *Schmidt, Treasurer,* (1900) 154 Ind. 196 at 202, 56 N.E. 443.

The judgment of the trial court is affirmed.

Givan, C.J. and Arterburn and Hunter, JJ., concur; De-Bruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—The trial court here, possibly frustrated by a series of post-conviction petitions from a defendant who received what appears to be a very fair sentence, made an immediate order denying the defendant's third petition for post-conviction relief, on the grounds of former adjudication. It was certainly not this Court's intention at the time this rule was adopted to place the burden upon the trial judge to (1) give a complete construction to *pro se* petitions upon their filing, and then, (2) formulate a defense to that petition, and then (3) submit the case to himself for a final adjudication. Such a burden on the trial judge would be intolerable and wrong. We have provided the necessary legal machinery to rationally litigate these post-conviction cases and to relieve the trial judge of the responsibility of assuming the role of an advocate.

We have provided the structure to be invoked by the trial court upon receipt of a petition for post-conviction relief. If the petition is denominated a petition for writ of habeas corpus or common law writ, the trial court should make a preliminary decision as to whether it should be treated as a petition under the Court's Post-Conviction Remedies Rule, and, if it is to be so treated, then that should be ordered and the case should be transferred to the court of conviction. Ind. R. P.C. 1, § 1(c). Once in the court of proper jurisdiction, the case is to be treated as an adversary proceeding. The Public Defender, in the event of indigency of the petitioner, will be counsel for petitioner, and the Prosecuting Attorney will defend against the petition. Ind. R. P.C. 1, § 9. The Prosecuting Attorney in this case should have provided the trial court with the proper defenses to the petition, be those defenses waiver, prior adjudication, or on the merits. *Langley* v. *State*, (1971) 256 Ind. 199, 267 N.E.2d 538. It was not intended that the trial court assume the burdens which it did in this case. The trial judge should require that the

petitioner, Public Defender, and Prosecuting Attorney fulfill their obligations in post-conviction proceedings, in order that the case reach the trial court for final consideration with fully developed and supported legal positions.

It is of course recognized in § 4(e) of Ind. R. P.C. 1, that a trial judge might immediately deny a petition for post-conviction relief without invoking the full adversary system. However, such cases are extremely rare. Where, as here, former adjudication or waiver is the probable defense, such a denial would not be appropriate, since the determination of such defenses would rest upon matter not likely to be in the petition for relief and would require a comparison between the issues raised in the petition and issues formerly adjudicated in prior proceedings. Presenting the defense of prior adjudication or waiver is a job for the Prosecuting Attorney.

Turning next to the merits of this appeal, it is to be noted first that the defendant, in his third post-conviction petition, which was denominated a petition for habeas corpus, raises a legal argument, namely, that the statute defining second degree murder, Ind. Code § 35-1-54-1, being Burns § 10-3404, is "patently unconstitutional, in that its multiple penalty provisions violate the equal protection clause of the Fourteenth Amendment to the United States Constitution." The petition itself recognizes that this is a new legal argument, not previously raised. In his *pro se* petition, the defendant states that the issues presented in his petition were not previously known to him. In the memorandum attached to the petition, he argues that the authority granted by the trial court to choose between sentences of fifteen to twenty-five years and life imprsionment, for the same offense, is too arbitrary and too broad to be rationally supported by any need to make the penalty fit the individual rather than the crime.

The majority concludes that the trial court is under no duty to consider the merits of a third post-conviction petition, since the arguments in it could have been raised in a former post-conviction proceeding. Where, as here, the error raised

is constitutional in dimension, this is tantamount to a holding by *this* Court that the defendant knowingly, voluntarily and intelligently waived the right to raise this equal protection issue during prior post-conviction proceedings. The waiver issue has not been pleaded or litigated. The burden is on the prosecution to raise and prove the defense of waiver or prior adjudication. We should not presume a waiver on the state of this record.

This third petition was precipitated by a denial of defendant's federal habeas corpus petition, based upon his failure to exhaust State post-conviction remedies. We should remand to the trial court for further proceedings to encompass the issue of waiver and, in the event the State fails to show waiver or prior adjudication, the merits of petitioner's claim. Adherence to the procedures of the rule will lighten the burden of the trial judge and, at the same time, serve to leave the door open for that occasional meritorius post-conviction claim.

NOTE.—Reported at 325 N.E.2d 180.