**Johnny Ray JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 380S72.**

Supreme Court of Indiana.

July 8, 1981.

J. A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

On September 27, 1979, a jury found the appellant guilty of murder. Appellant challenges the court's final instructions five and six which instructed the jury that a defendant in a criminal prosecution who pleads not guilty by reason of insanity has the burden of proving his insanity by a preponderance of the evidence.

Instruction number five set out I.C. 35–41–4–1 verbatim:

"(a) A person may be convicted of an offense only if his guilt is proved beyond a reasonable doubt.

"(b) Notwithstanding subsection (a), the burden of proof is on the defendant to

establish the defense of insanity (I.C. 35–41–3–6) by a preponderance of the evidence."

Instruction number six defined insanity and again instructed the jurors that the burden of establishing the defense of insanity was on the defendant and informed them that "[a] preponderance of the evidence means you must be convinced from all the evidence in the case that the defendant was more probably insane than sane at the time of the act charged."

▮ Appellant asserts that I.C. 35–41–4–1 [Burns 1978] unconstitutionally shifts the burden of proof in a criminal prosecution from the State to a defendant. In support of his argument, appellant cites several Indiana cases which were decided prior to the Legislature's enactment of the present statute. See *Greider v. State,* (1979) Ind., 385 N.E.2d 424; *Coonan v. State,* (1978) 269 Ind. 578, 382 N.E.2d 157; *Welty v. State,* (1913) 180 Ind. 411, 100 N.E. 73. In the case at bar, the trial court instructed the jury according to the new statute which was in effect at the time appellant committed the act which led to his conviction.

Subsequent to the filing of this appeal, this Court has had the occasion to uphold the validity of the statute in question. *Price v. State,* (1980) Ind., 412 N.E.2d 783. We adhere to the holding of *Price.* There we pointed out that cases from the United States Supreme Court indicate placing the burden on a defendant to prove the defense of insanity by a preponderance of the evidence is not violative of the defendant's due process rights under the Fourteenth Amendment of the United States Constitution. *Patterson v. New York* (1977) 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281; *Leland v. Oregon,* (1952) 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302.

We, therefore, hold the trial court did not err in giving its final instructions 5 and 6.

Appellant next claims the trial court abused its discretion in sentencing him to forty years in prison rather than thirty years. There is no merit to this assertion.

Pursuant to I.C. 35–50–2–3 [Burns 1979 Repl.], the basic sentence for murder is forty years. Under Rule 2 of our Rules for Appellate Review of Sentences, we may revise a sentence only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

▮ It is within the discretion of the trial court to increase or decrease a sentence according to aggravating or mitigating circumstances. *Logsdon v. State,* (1980) Ind., 412 N.E.2d 249, 250; *McCawley v. State,* (1980) Ind., 409 N.E.2d 594. The sentence in the case at bar was within the statutory limits and was imposed after the trial court had given full consideration to the presentence report and found that the aggravating circumstances out-weighed the mitigating factors. We are not at liberty to set aside a sentence merely because it may seem severe. *Dodson v. State,* (1978) 269 Ind. 380, 381 N.E.2d 90. We find no abuse of discretion on the part of the trial court in the imposition of the sentence in this case.

We affirm the conviction.

All Justices concur.