**Dallas Dale BEARD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1078S199.**

Supreme Court of Indiana.

Dec. 4, 1981.

Harriette Bailey Conn, Public Defender, Jewell K. Smith, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of Rape, Ind.Code § 35–13–4–3 (Burns 1975) and Kidnapping, Ind.Code § 35–1–55–1 (Burns 1975) and sentenced to life imprisonment. On direct appeal this Court affirmed the conviction. *Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216. This direct appeal from the denial of post conviction relief presents the following issues:

(1) Whether Petitioner was denied his constitutional right to the effective assistance of counsel.

(2) Whether Petitioner was denied due process of law due to alleged prosecutorial misconduct.

(3) Whether the cumulative effect of Issues I and II constitutes harmful error.

(4) Whether Petitioner's sentence should be reduced.

\* \* \*

## ISSUE I

■ Petitioner contends that his trial attorney's inaction, in the following particulars, rendered his representation inadequate: 1) failure to request a change of venue; 2) failure to inspect the results of laboratory tests performed on the victim; 3) failure to interview the technician, who performed the tests; 4) failure to move to suppress and to object to the victim's pretrial and in-court identifications of Defendant; 5) failure to challenge Defendant's arrest; 6) failure to object to a prejudicial question asked of a defense witness; 7) failure to reveal Defendant's correct military discharge; 8) failure to move for a separation of witnesses; 9) failure to preserve a claim of prosecutorial misconduct for appellate review.

### 1.

At the trial upon the petition for post conviction relief, Petitioner introduced three newspaper articles, which he claims amounted to prejudicial pre-trial publicity. Petitioner's Exhibit 1 reads as follows:

, "The Posey County Grand Jury has returned an indictment for kidnapping against Dallas Dale Beard.

"Beard is accused of taking Linda Sue Mayor from 1100 N. Morton Ave., Evansville, to Boberg Road in Posey County against her will on Feb. 1, 1973."

The remainder of the article has nothing to do with Petitioner. Petitioner's Exhibit 2 was published during the trial, and therefore, would not have been relevant to a motion for a change of venue based upon prejudicial pre-trial publicity. Petitioner's Exhibit 3, read into the record, was as follows:

"On Friday, February the ninth, nineteen seventy-three, an article appeared in the Mt. Vernon Democrat, titled, 'Arraignment Postponed for Beard' 'Arraignment for 20 year old Evansville Man arrested Wednesday morning and charged with rape was postponed until 9:00 a. m. Friday, February 16. Dallas Dale Beard who was picked up by the Posey County Sheriff's Department and Evansville Police Detectives was scheduled for arraignment at 1:00 p. m. in Posey County Circuit Court before Judge Steve C. Bach. Bond was set at $3,000. The rape charge is in connection with a seventeen year old married Evansville girl who was allegedly forced into a car and driven to Boberg Road north, "illegible, like Phillip" and raped. The incident occurred allegedly on February first, at 9:45 p. m.' And that's the end of the article."

These articles were merely factual reports and in no manner inflammatory. They form no basis for a belief that their publication would have been prejudicial to his fair trial rights. *Mendez v. State*, (1977) 267 Ind. 67, 70, 367 N.E.2d 1081, 1083. Petitioner presented nothing supportive of his claim that his counsel should have sought a change of venue.

### 2. & 3.

Petitioner testified that his trial counsel neither examined the laboratory tests performed upon the victim after the rape nor contacted the laboratory technician who performed the tests. However, he presented no evidence that had an inquiry been made, it would have yielded exculpatory evidence. Petitioner has not shown how he was harmed by these alleged inadequacies.

### 4.

■ Our review of the record discloses that Defendant does not understand the burden a petitioner is under in a post conviction proceeding. Before counsel's failure to enter an objection may be regarded as ineffective representation, Petitioner must show that, had a proper objection been made, the trial court would have had no choice but to sustain it. It is probable that the show-up which occurred in this case was unnecessarily suggestive; however, Petitioner does not discuss whether or not the victim's in-court identification had an adequate independent basis, she having spent three hours with her assailant. He has not sustained his burden of showing us that the alleged tainted evidence was inadmissible. *Skinner v. State*, (1978) Ind., 383 N.E.2d 307, 308; *Robbins v. State*, (1971) 257 Ind. 273, 277, 274 N.E.2d 255, 257.

### 5.

Petitioner presented no evidence which is indicative of any grounds for challenging his arrest.

### 6. & 7.

At his criminal trial Petitioner's wife testified as a character witness, and she was asked the following question on cross-examination:

"Q. Was he (the Petitioner) honorably discharged?

"A. No."

Petitioner claims that his trial counsel should have objected to this question and should have called a witness, who would have stated that his military discharge was "undesirable." There are many designa-

tions for military discharges. We cannot assume that the jury would have concluded from the testimony that the petitioner's discharge had been "dishonorable." Neither is there any reason to believe that the disclosure that his discharge was "undesirable" would have had any exculpatory effect.

8.

Petitioner presented no evidence concerning how he was harmed by trial counsel's failure to seek a separation of witnesses but merely testified that he had not been aware that, upon request, he might have obtained a separation.

9.

Petitioner's testimony with respect to prosecutorial misconduct follows:

"Q. What did he say about your discharge?

"A. He told the jury that, he said, 'this young man can't even make it in the armed forces let alone on the street' and that I had a dishonorable discharge. And I told Mr. Weikert that my discharge was undesirable, I said you ought to tell him that and Mr. Weikert just told me to be quite (sic) and sit there.

"MR. REDWINE: I have an objection, Your Honor. I ask that that be stricken. It was my understanding that the final argument was not transcribed and we have no way to check this witness's (sic) testimony. He is apparently giving his recollection of what occurred in 1973. We ask that it be stricken from the record because we have no way to cross examine what happened in the courtroom in October of '73.

"THE COURT: Well, I think part of his statement was hearsay. I think the argument might be relevant, I'll overrule the objection to that, but as to what his attorney told him, I'll sustain the objection.

"Q. Dallas, specifically what other comments do you recall that the Prosecutor made in final argument in your case?

"A. Just about the discharge.

"Q. Did he say anything with respect to your alibi?

"A. Said it wasn't worth nothing.

"Q. Well, did he say anything with respect to any of your witnesses that testified?

"A. My mother.

"Q. What did he say in regards to your mother?

"A. He just tried to mix my mother up and then he said that a mother would do anything to keep her son out of jail.

"Q. At that time did your attorney object to that statement?

"A. Not that I recall, no."

■ Petitioner has not shown that the Prosecutor's remarks were so improper that they subjected him to grave peril. In closing argument the Prosecutor may comment upon the credibility of witnesses as long as the assertions are based upon reasons which arise from the evidence. *Burns v. State*, (1979) Ind., 387 N.E.2d 442, 445; *Hubbard v. State*, (1974) 262 Ind. 176, 181, 313 N.E.2d 346, 350.

■ In post conviction proceedings, a petitioner bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State*, (1975) 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State*, (1980) Ind., 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative finding. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State*, (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740.

The post conviction trial judge was not obligated to accept Petitioner's conclusions as to what his trial attorney should have done. The record supports the trial court's finding that Petitioner failed to establish, by a preponderance of the evidence, that he was denied the effective assistance of counsel.

## ISSUE II

██ Petitioner claims that the above related question put to his wife and concerning his military discharge constituted prosecutorial misconduct and denied him due process of law and his privilege against compulsory self incrimination. Petitioner bears the burden of proving how he was harmed by an asserted error. *Hester v. State*, (1974) 262 Ind. 284, 291, 315 N.E.2d 351, 355. Petitioner's brief devotes three pages to a discussion of improper impeachment methods; however, we are not persuaded that this one question and answer denied him a fair trial.

## ISSUE III

Petitioner having failed to persuade us that his various claims set forth under Issues I and II are meritorious; it necessarily follows that he cannot complain about their cumulative effect.

## ISSUE IV

██ Petitioner's conviction occurred in 1973, at which time the penalty for kidnapping was life imprisonment. In 1977, our Legislature recodified our criminal statutes under which the offense has been redefined and renamed and alternatively and substantially less severe penalties provided. Under the 1977 enactment, the acts of petitioner for which he was sentenced to life imprisonment would be punishable by a maximum of but four years imprisonment. Petitioner argues the inequity and unconstitutionality of his continued confinement in the light of today's statute. His arguments, however have been resolved to the contrary in cases where the offenses occurred prior to the effective date of the ameliorative enactment and the trials thereof subsequent thereto. *Watford v. State*, (1979) Ind., 384 N.E.2d 1030; *Owens v. State*, (1981) Ind., 419 N.E.2d 969. In this connection, we note that a very substantial delay occurred in the filing of the appellee's brief on March 16, 1981, and that the last cited cases had not yet been decided and published when Petitioner's brief was filed.

Defendant has shown no error in the findings or conclusion of the trial court. Its judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.