Jerome A. **YOUNG**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 683S216.

Supreme Court of Indiana.

Sept. 5, 1985.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant was convicted and sentenced to twenty (20) years for armed robbery, and to life imprisonment for inflicting injury during the commission of a felony. Upon appeal, this Court confirmed his conviction. *Young v. State*, (1980) 274 Ind. 107, 409 N.E.2d 579. A hearing was held on Petitioner's motion for post-conviction relief on July 13, 1982. This motion was denied August 23, 1982 and the present appeal follows. Petitioner now asserts the following four errors in the denial of post-conviction relief:

1. denial of Petitioner's right to a speedy trial;

2. double jeopardy violations for having retried Petitioner after two mistrials;

3. denial of effective assistance of counsel at trial and on appeal; and

4. improper sentencing.

I

Petitioner argues he was denied his right to a speedy trial, but the law and facts do not support his contention. Petitioner was charged on August 5, 1977. On October 11, 1977, Petitioner filed a motion for a speedy trial. Petitioner's first trial resulted in a hung jury on January 31, 1978. On June 15, 1978, Petitioner was convicted at his third trial which had commenced only the previous day. Petitioner did not file a motion for speedy trial anytime after the first trial.

When a defendant has moved for a speedy trial pursuant to Ind.R.Crim.P. 4(B) and that trial has ended in a mistrial, he is required to make another motion to bring the rule back into operation. *Johnson v. State,* (1976) 265 Ind. 470, 355 N.E.2d 240, *cert. denied,* (1977) 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 593. Further, when a defendant allows a trial court, without objection, to set a date when the court could grant him an earlier trial, he will be deemed to have acquiesced therein and will waive any rights under Ind.R.Crim.P. 4(B). *Jacobs v. State,* (1983) Ind. App., 454 N.E.2d 894. Since Petitioner never filed a motion for a speedy trial after the first trial resulted in a hung jury, he was not entitled to the benefit of the time limitations set forth in Ind.R.Crim.P. 4(B) in the subsequent trials. Further, his failure to object to the date set for the subsequent trials, constituted a waiver of his rights under that rule. However, Petitioner argues Ind.R.Crim.P. 4(B) should have applied absolutely and procured his release six months after his arrest. We specifically addressed this issue in *State ex rel. Brumfield v. Perry Circuit Court,* (1981) Ind., 426 N.E.2d 692, 695, wherein we stated:

> "It is obvious that Ind.R.Crim.P. 4 does not anticipate mistrials. The rule speaks in terms of the time allowed the State to bring a defendant to trial—not to convict him. In the case before us, the defendant was brought to trial within the prescribed period of time under the rule. The rule does not specify how much time is reasonable following a mistrial by reason of a hung jury. Until such a rule is adopted, the only limitation is a 'reasonable time.'"

Petitioner, charged August 5, 1977, was tried November 10, 1977, and retried twice in trials ending January 31, 1978, and June 15, 1978. An unreasonable amount of time did not pass between trials; therefore, the post-conviction court did not err in finding Petitioner was not denied his right to a speedy trial.

## II

Petitioner, having been tried thrice, due to the first two trials resulting in hung juries, claims it was a double jeopardy violation to retry him after either mistrial. It is well settled that a hung jury operates to discharge the operation of double jeopardy and a new trial is not barred in such a situation. *Hinton v. State,* (1979) 272 Ind. 297, 397 N.E.2d 282, *reh. denied.* It is within the trial court's discretion to determine whether the discharge of the jury and the declaring of a mistrial are appropriate under the circumstances of the case. The number of hours of deliberation required is a matter very much in the trial judge's discretion. *Id.* At Petitioner's first trial the jury began deliberation at 7:11 p.m., and at 4:05 a.m., the following morning the court declared a mistrial and discharged the jury because they were unable to reach a verdict. At the second trial, the jury retired to deliberate at 12:35 p.m., and returned a verdict as to the co-defendant at 10:45 p.m., at which time the court declared a mistrial as to Petitioner and discharged the jury. Petitioner was convicted at the third trial. The trial court did not abuse its discretion by declaring a mistrial too soon. The jury deliberated for a period indicating the deadlock was the result of minds well settled. Accordingly, Petitioner's argument that a double jeopardy violation occurred upon his second and third trial is without merit.

## III

Petitioner claims the post-conviction court erred upon finding he was not denied effective assistance of counsel at the trial and appellate level. Petitioner's arguments for lack of effective counsel at the trial are addressed first, and his arguments going to counsel's ineffective assistance at the appellate stage follow. Petitioner's counsel for trial was the same attorney who prepared his appeal. The standard and principles with which we review Petitioner's arguments are well settled. The guidelines for determining competency of counsel require deciding (1) whether

counsel's performance was so deficient that he or she was not functioning as counsel as guaranteed by the Constitution, and if so, (2) whether this failure to function as counsel was prejudicial, that is, counsel's errors were so serious as to deprive the defendant of a fair trial. A fair trial will be deemed to have been denied when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result unreliable. *Strickland v. Washington*, (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bieghler v. State*, (1985) Ind., 481 N.E.2d 78; *Elliott v. State*, (1984) Ind., 465 N.E.2d 707. Isolated poor strategy, bad tactics, or inexperience do not necessarily amount to ineffective representation and we will not speculate as to what may have been the most advantageous strategy in the case upon review. *Id.* The defendant who seeks post-conviction relief on grounds of ineffective representation must overcome the presumption that counsel afforded defendant effective representation. *Whitlock v. State*, (1983) Ind., 456 N.E.2d 717; *Metcalf v. State*, (1983) Ind., 451 N.E.2d 321; *Gosnell v. State*, (1982) Ind., 439 N.E.2d 1153. The trial court's determination on post-conviction relief is set aside only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Gosnell, supra.*

Petitioner argues the following acts rendered counsel's assistance ineffective at trial:

1. failing to prepare and file new versions of the pleadings, motions, and alibi notice Petitioner had filed;

2. depending upon Petitioner to make arrangements for alibi witnesses to testify at the third trial;

3. repeatedly counseling Petitioner to accept the offered plea bargain;

4. failing to request a bond reduction; and

5. failing to tender instructions on lesser included offenses at the third trial.

██ The granting of relief in a post-conviction proceeding due to alleged ineffective representation of counsel requires a showing of harm. *Beard v. State*, (1981) Ind., 428 N.E.2d 772. The motions trial counsel failed to file were already filed by Petitioner. The State subsequently responded to the alibi notice motion, a hearing was held and the trial court rendered its ruling. Also, the time limitations requested by Petitioner's motion for a speedy trial were observed. Further, Petitioner's counsel testified at the post-conviction hearing that formal discovery motions were unnecessary because of the complete informal discovery which existed and occurred in this case. Petitioner failed to carry the burden of showing harm by trial counsel's failure to duplicate motions previously filed by Petitioner.

Petitioner's trial counsel, testified that a sufficient number of alibi witnesses testified at the third trial. However, he did not recall if any had to be subpoenaed. Attorney Riley, Petitioner's counsel, admitted Petitioner might have arranged for the witnesses himself. Nonetheless, it is expected that a defendant and his counsel will work together to present the best defense possible. In the absence of Petitioner claiming trial counsel failed to prepare alibi witnesses adequately, or failed to present available alibi witnesses, or showing us in some manner he was harmed by his counsel's behavior, he has failed to carry his burden. *Id.*

██ Riley talked with Petitioner approximately ten times, professionally advising him that the plea offer was advantageous. Petitioner claims counsel should not have been encouraging him to accept the plea bargain offer and should have been developing new trial strategies. Riley testified there was little need to discuss or prepare further for the retrials as the case was thoroughly prepared the first time. The trial court is the trier of fact and sole judge of weight of evidence and credibility of witnesses in post-conviction hearings. The judgment of the trial court will not be disturbed unless the evidence is without conflict and leads inescapably to a conclusion contrary to that which was reached by the trial judge. *Whitlock, supra.* Here there was sufficient evidence from which

the trial court concluded counsel was not ineffective for counseling Petitioner to accept the plea offer and for not changing strategies between trials.

Petitioner's counsel also testified that in his judgment, based on first hand knowledge and research, filing for a bond reduction would have been an act in futility. Thus there was evidence supporting counsel's reason for not filing for bond reduction such that the trial court did not err in finding there was not a lack of effective assistance of counsel due to this argument.

■ Finally, Petitioner's counsel testified that his decision not to tender instructions on lesser included offenses was a result of Petitioner maintaining he was innocent, and in fact was Petitioner's own strategy decision. Nonetheless, this Court does not speculate on what may have been the most advantageous strategy in a particular case. *Metcalf, supra; Hollonquest v. State*, (1982) Ind., 432 N.E.2d 37. Thus it is clear there is sufficient evidence of record to support the finding of the trial court and that Petitioner was not denied effective assistance of counsel at trial.

Petitioner further alleges he was denied effective representation on appeal. He argues counsel's failure to consult with him regarding which issues to raise, failure to raise certain issues on appeal, and the inclusion in the appellate brief of an appendix written by Petitioner, rendered counsel's assistance ineffective. Keeping in mind the standard for determining this issue on appeal from an unfavorable judgment by the post-conviction relief court, it is apparent the court did not err in finding Appellant was not denied effective assistance of counsel.

■ Petitioner claims that counsel was ineffective for failing to consult with Petitioner regarding which issues to raise on appeal. An allegation of failure to consult with Defendant absent a showing of what Defendant would have provided the attorney that would have aided the preparation of his defense, does not establish a basis for relief for ineffective representa-tion. In other words, Petitioner must show some harm due to counsel's failure to consult with him. *Taylor v. State*, (1982) Ind., 442 N.E.2d 1087. Appellant argues counsel should have raised on appeal the issues of violation of a right to a speedy trial, double jeopardy violation for retrying Petitioner and improper sentencing. The first two of these issues we have already disposed of unfavorably to Petitioner. Appellate counsel correctly determined these issues were untenable and unfounded. The last issue, as will be seen, is equally unfounded. Thus, appellate counsel prudently chose not to raise these meritless issues and the post-conviction relief court correctly determined counsel was not ineffective for failing to raise them. Finally, Appellant argues Counsel's decision to include arguments prepared by Petitioner as an appendix to the appellate brief was highly prejudicial. Though we do not condone such practice, in this instance Petitioner was not harmed by it to the extent meriting reversal. Accordingly, the trial court did not err in finding Petitioner was not denied effective assistance of counsel upon appeal.

IV

Petitioner next argues three distinct errors were made in sentencing. First, he argues it was error to impose sentencing pursuant to the jury's verdict for inflicting injury during the commission of a felony because the verdict form was altered. Second, he contends it was error for the trial court to sentence him to twenty (20) years as an accessory to armed robbery, when the principal received only a ten (10) year sentence. Finally, Petitioner contends it was error for the trial court to impose a sentence of life imprisonment when the jury had not assessed this punishment. We address each of these arguments in turn, finding none of them meritorious.

■ Petitioner Young was charged at trial on Count III together with Kevin Arnold Hill in an information alleging the two men "unlawfully and feloniously inflicted physical injury upon another during the commission of a robbery." Each defendant

was charged as a principal. The jury was given a form of verdict pertaining to Petitioner, which read as follows:

"We, the Jury, find the defendant, Jerome A. Young a/k/a David A. Young, guilty of the crime of Inflicting Physical Injury During Robbery as charged in Count Three of the Information."

The jury altered the verdict form to read:

"We, the Jury, find the defendant, Jerome A. Young a/k/a David A. Young, guilty of aiding and abetting an accomplice who inflicted physical injury during robbery as charged in Count III of the Information." (Trial Record at 281).

In essence, the jury found Petitioner guilty as charged, but noted that his acts insofar as inflicting injury were as an accomplice. Petitioner asserts the verdict was defective because he was not tried and charged as an accomplice. Thus, he contends, it was not a finding upon the count charged. Upon direct appeal, we disposed of this issue by stating:

"Under the law as it existed at the time of the offense and time of trial, an accomplice could be charged, tried and convicted in the same manner as the principal. Ind.Code § 35–1–29–1. The alterations in the verdict form were, therefore, a mere, technicality. Under the statute, it was immaterial whether the defendant was the actual perpetrator of the crime or an accomplice. The alterations in the verdict form were unnecessary, but as returned, the verdict was neither ambiguous nor inconsistent with the charging information or the evidence."

*Young*, 274 Ind. at 112, 409 N.E.2d at 583. However, we decline to address this issue anew, as it was raised and properly disposed of upon direct appeal, which makes it now unavailable for review. *Hollonquest, supra.*

■■■■ Next Petitioner contends he was erroneously sentenced to twenty (20) years imprisonment for commission of the felony robbery while his co-defendant received only ten (10) years imprisonment. Petitioner bases his argument upon the theory that he was an accomplice and co-de-

fendant the principal. However, Petitioner was charged, tried and convicted as a principal for armed robbery. The evidence adduced at trial showed that both Petitioner and his co-defendant jumped a counter inside the motel, Petitioner displayed what appeared to be a gun barrel in a paper sack, and said to the clerk, "Give him all the money." *Young*, 274 Ind. at 109, 409 N.E.2d at 579. Petitioner was positively identified as one of the two men. Where a sentence is within statutory limits and imposed after the trial court gave full consideration to the presentence reports and circumstances in mitigation and aggravation, the appellate court will not set it aside. *Jones v. State*, (1981) Ind., 422 N.E.2d 1197. Ind.Code § 35–12–1–1 (Burns 1975) [repealed by Acts 1976, P.L. 148, effective October 1, 1977] governed Petitioner's sentence and stated in part that upon conviction of a crime while armed with a deadly weapon, defendant "shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years." The trial court, after thoroughly reviewing the presentence report, stated he found no aggravating or mitigating circumstances. The jury had recommended twenty (20) years imprisonment for Petitioner's conviction. Petitioner's sentence was in compliance with the requirements set out in *Jones, supra,* and should not have been set aside. The fact that Petitioner's co-defendant received a lesser sentence for the same crime but at a different trial is totally irrelevant to the propriety with which Petitioner's sentence was imposed.

■■■■ Finally, Petitioner claims it was error for the trial court to impose a sentence for the conviction of inflicting injury during the commission of a felony when the jury had not determined a sentence to impose. Petitioner argues that *Fultz v. State*, (1976) 265 Ind. 626, 358 N.E.2d 123 governed his case and those in which the judge had set a sentence which by statute should have been set by the jury. In *Fultz*, as in this case, the finding of guilt was unquestionably made in proper form by the jury, but the jury failed to assess a punishment.

The clear remedy under *Fultz* was that the matter was to be remanded on the conviction for which the jury had not assessed a penalty, for reduction of that sentence to the minimum sentence applicable pursuant to the governing statute. The trial court in the instant case imposed a life sentence pursuant to Ind.Code § 35–13–4–6 [repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977], which read in part:

> "Physical injury inflicted in robbery or attempt—... Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

Thus the trial judge imposed the minimum and only sentence required by law for the conviction. In *Fultz*, the facts were distinguished from *Kelsie v. State*, (1976) 265 Ind. 363, 354 N.E.2d 219, *reh. denied.* In *Kelsie*, the judge had fixed the sentence rather than the jury when the jury was required by statute to determine sentencing. We acknowledged the error but held it to be harmless inasmuch as the sentence invoked was the minimum that could have been imposed by the jury. *Kelsie* involved the same set of facts before us now. Accordingly, there was error by the judge's imposition of a sentence when a statute required the matter be left to jury determination. However, the error is harmless inasmuch as the jury could have assessed only the sentence of life imprisonment. Having failed to demonstrate any error on the part of post-conviction relief court, Appellant is denied all relief requested.

The post-conviction court is affirmed in all things.

GIVAN, C.J., and PRENTICE, J., concur.

HUNTER, and DeBRULER, JJ., not participating.