RICHARD E. JOHNSON *v.* STATE OF INDIANA.

[No. 975S220. Filed October 12, 1976.]

*James F. Griggs,* of Franklin, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Richard E. Johnson, was indicted in Marion County on June 26, 1974, for the first degree murder of one Donald Stout. The evidence at trial showed that the Appellant hired Robert Gurley and Henry R. Cobb on or about January 20, 1968, to kill the decedent. Cobb testified, in exchange for immunity from prosecution, that the Appellant paid him and Gurley out of proceeds from a life insurance policy owned by Wanda Stout, the decedent's wife and the Appellant's girlfriend. By motion of the Appellant, the case was venued to Johnson County on August

15, 1974. The first trial of this cause commenced on November 11, 1974. On November 20, 1974, the jury informed the trial court that it was unable to reach a verdict. The Appellant was tried a second time beginning February 19, 1975. The jury in this second trial found the Appellant guilty as charged on March 4, 1975. Sentenced to life imprisonment on March 11, 1975, the Appellant filed his motion to correct errors on May 9, 1975.

## I.

The Appellant's first contention is that the prosecution, in cross-examining certain defense witnesses, prejudiced the Appellant by inquiring into the witnesses' relationships with men or women with whom they had been seen or living. The Appellant concedes, however, that no objection to this questioning was made at trial. Error not raised by proper objection at trial will not be considered on appeal unless the failure to consider the alleged error would deny the Appellant "fundamental due process." *Brown* v. *State,* (1975) 264 Ind. 40, 338 N.E.2d 498. There is no such denial of due process here. This alleged error has not been preserved for our review.

## II.

On February 3, 1975, the Appellant filed a motion for change of venue from Johnson County. The motion alleged prejudice from newspaper articles which had appeared in the Indianapolis Star, the Indianapolis News, and a Franklin newspaper, the Daily Journal. The trial judge denied this motion, with the reservation that if, during voir dire of prospective jurors, "there is in the Court's mind any—just any scintilla of reason why this man cannot get a fair trial in this County" he would reverse himself. The Appellant urges reversible error in this denial.

We can find no error by the trial court here. Ind. R. Crim. P. 12 explicitly provides that "the defendant shall be entitled

to only one [1] change from the county." The Appellant had already obtained a change of venue from Marion County. Thereafter, all changes are within the discretion of the trial court and must be predicated on a showing of good cause. *Burton* v. *State*, (1973) 260 Ind. 94, 292 N.E.2d 790.

The Appellant has failed to present any evidence whatsoever to show that his jury was prejudiced. The newspaper articles in question were not presented to the trial court and are not in the record. No portion of the voir dire examination of the jurors in this case is presented to show that they read or were influenced by those articles. The Appellant has compiled no record of damaging publicity, but merely asserts that it existed. We find nothing to support the conclusion that the trial court abused its discretion. *See Buchanan* v. *State*, (1975) 263 Ind. 360, 332 N.E.2d 213.

### III.

On September 3, 1974, prior to his first trial, the Appellant moved for an early trial pursuant to Ind. R. Crim. P. 4(B). The Appellant's first trial began on November 11, 1974, within the seventy day period prescribed under that rule. The jury was unable to reach a verdict and was discharged on November 20. On December 19, 1974, another motion for early trial was filed by the Appellant. The Appellant's second trial began on February 19, 1975, within the seventy day period extending from the date of the second motion.

On February 3, 1975, the Appellant filed a motion for discharge based upon his first motion for early trial. The Appellant urges error in the trial court's denial of this motion, contending that the seventy day period automatically began running again on November 20. This incorrectly interprets the operation of Ind. R. Crim. P. 4(B) in a situation such as here. The early trial rule of Ind. R. Crim. P. 4(B) is not self-executing. *Gross* v. *State*, (1972) 258 Ind. 46, 278 N.E.2d 583. "[W]hen a motion has

been made under CR. 4(B), and the trial court has acted on that motion by setting a trial date, the motion will be deemed to have served its purpose." *Cody* v. *State,* (1972) 259 Ind. 570 at 575, 290 N.E.2d 38 at 41. When the Appellant's first trial ended in a mistrial, he was required to make another motion to bring the provisions of Ind. R. Crim. P. 4(B) into operation. This he did by his motion of December 19. The seventy day period thus began running from the date of this second motion.

We do not think that this requirement that a defendant renew his motion for early trial after a mistrial saddles him with any great burden. Indeed, we do not think that it can be presumed that a defendant in such a situation will want to invoke the rule's provisions. It is easy to conceive of cases in which defendants, after a trial ends with a hung jury, would want more than seventy days to revise trial strategy or conduct further investigation. In this case, the Appellant changed attorneys on the seventieth day from the date of his mistrial. The publicity which arises in any trial also argues against retrial in the same court in too short a period of time. It is thus simply up to a defendant to weigh these factors before deciding whether to once more seek an early trial.

The seventy day period relevant to the Appellant's motion for discharge did not begin running until the date of his second motion for early trial. As already noted, the trial of this case commenced within that time period. The trial court thus did not err in denying the Appellant's motion for discharge.

## IV.

The Appellant next urges error in the refusal of the trial court to give Defendant's Instructions No. 8 and No. 9, which dealt with lesser included offenses of first degree murder, voluntary and involuntary manslaughter. It is argued by the Appellee that this issue has been waived by the failure of the Appellant to object at

trial to the rejections of these tendered instructions. This was not necessary. Ind. R. Crim. P. 8(B) does not require that objections be made to the refusal of tendered instructions. "The instruction speaks for itself, and if under the law and facts involved it should have been given, the record at this stage preserves the error." *Gilmore* v. *State*, (1951) 229 Ind. 359 at 367, 98 N.E.2d 677 at 681.

This court confronted this same question in the appeal of the Appellant's confederate, Robert Gurley. The relevant facts there were, of course, identical to those here. Our conclusion in that case is dispositive of this question:

> "The jury was not instructed that it could find the defendant guilty of the lesser included offense of manslaughter, notwithstanding three tendered instructions in this regard. They were refused by the court, because the statute of limitations precluded a prosecution for manslaughter. Ind. Code § 35-1-3-4 (Burns 1975).
>
> We find no Indiana case discussing the propriety of instructing a jury upon a lesser included offense for which the statute of limitations had run. The weight of authority from other jurisdictions is that if the defendant could not be convicted of the lesser included offense, the instructions upon such offense are properly refused. *Chaifetz* v. *United States*, (1960) 109 U.S. App. D.C. 349, 288 F.2d 133, *reversed on other grounds*, (1961) 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233; *People* v. *Lohnes*, (1973) 76 Misc.2d 507, 351 N.Y.S.2d 279; Annotation 47 A.L.R.2d 887 (1956)." *Gurley* v. *State*, (1976) 264 Ind. 552, 348 N.E.2d 16 at 20-21.

## V.

The Appellant's final allegation of error is that his trial counsel, who were appointed on January 29, 1975, did not have adequate time to prepare their case. When the Appellant effected this change of attorneys, trial was scheduled for February 3. This was subsequently continued until February 19. At no time did the Appellant's trial counsel seek further delay. At no time did they object to the ultimate trial date. The Appellant concedes that his trial counsel were "highly competent" and does "not charge counsel for lack of a zealous

and active defense." Essentially, we are asked to presume that he was afforded an inadequate defense solely on the basis of the time factor he raises. This we cannot do. *Cf. Cade* v. *State,* (1976) 264 Ind. 569, 348 N.E.2d 394.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 355 N.E.2d 240.