**STATE of Indiana on the relation of Brian BRUMFIELD, Relator,**

v.

**The PERRY CIRCUIT COURT and the Honorable William H. Miller, as Special Judge, thereof, Respondents.**

**No. 581S135.**

Supreme Court of Indiana.

Oct. 15, 1981.

Michael H. Hagedorn, Hagedorn & Tyler,
Tell City, for relator.

Robert J. Black, Deputy Pros. Atty., for Perry County, Tell City, for respondent.

PIVARNIK, Justice.

This is an original action instituted by Relator Brumfield in May, 1981. Relator filed motions below for discharge pursuant to Ind.R.Crim.P. 4(C) and (F), and such motions were denied in the trial court. Following a preliminary proceeding in this Court we refused to grant a temporary writ. For the following reasons we likewise declined to issue a permanent writ.

Relator was originally charged and arrested on March 13, 1979, for nine counts of burglary in violation of Ind.Code § 35–43–2–1 (Burns 1979 Repl.) and nine counts of theft in violation of Ind.Code § 35–43–4–2 (Burns 1979 Repl.) in the Perry Circuit Court under Cause No. 79–CR–10. There followed a great deal of pretrial activity, much of which was instituted by the defendant himself and occasioned delays in the trial of these causes, which defendant-relator readily admits should be charged against him in determining his rights for discharge under Ind.R.Crim.P. 4. The pretrial proceedings resulted in a change from regular Judge David Evrard to Special Judge William Miller, dismissal of seventeen of the original eighteen charges, sixteen as a result of motions to dismiss by Relator and one as a result of a motion to dismiss by the State of Indiana. Relator was eventually brought to trial by jury on the remaining theft charge on May 12, 1980, which trial continued daily until May 16, 1980, when the jury reported that it was deadlocked and unable to reach a unanimous verdict. Judge Miller declared a mistrial, discharged the jury, and released Relator upon the terms of his existing bond. Relator admits to as many as 160 days delay being occasioned by his motions and pretrial activities and chargeable against him in the discharge he seeks. He further admits that up to and including the date of May 12, 1980, when his trial began, the year had not run under Ind.R.Crim.P. 4(C) or (F) and that he was not entitled to discharge at that time, the State having brought him to trial within the required time under the rule.

The record shows that no further action was taken in the prosecution of the relator on the theft charge from the time the jury was discharged on May 16, 1980, until February 19, 1981, when Judge Miller ordered the parties to appear on February 20, 1981, for the purpose of selecting a trial date. However, there were unusual circumstances during this period involving the appointment of a special prosecutor for the retrial of this case. Relator then filed his motion for discharge and objection to setting of trial date, both of which were based upon the provisions of Ind.R.Crim.P. 4(C) and (F).

On April 30, 1981, the Respondent Judge denied Relator's motion for discharge, objection to setting a trial date, and motion to reconsider the motion for discharge which the court had previously overruled. The trial court overruled all of Relator's motions and on April 27, 1981, set the cause for trial by jury for May 6, 1981. It was at this point that Relator sought the emergency writ from this Court to compel the trial court to discharge him without requiring him to again stand trial.

Ind.R.Crim.P. 4(C) provides as follows: No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged.

It is Relator's position that this provision that "no person shall be held on recognizance or otherwise to answer a criminal charge for a period in *aggregate* embracing more than one year" had the effect that

time continues to run after the aborted trial. He claims that taking the accumulated time, prior to trial, that is chargeable against the State, and adding to it the period between May 16, 1980, and February 20, 1981, results in a total period of more than one year, which entitles him to discharge. The State, on the other hand, contends that having brought him to trial within the proper time, the time starts to run anew on May 16, 1980. We find that this rule does not apply to the circumstances of this case.

■ The jurisdictional aspect of the trial court to bring defendants to trial, notwithstanding certain delays, is limited by our rules and our Constitutions. Where there are no applicable rules, defendants must stand upon their speedy trial rights under the Constitutions and whether or not one is entitled to a discharge must be determined by the trial judge under the circumstances of each case. Error, if any, is reviewable only by appeal.

■■ It is obvious that Ind.R.Crim.P. 4 does not anticipate mistrials. The rule speaks in terms of the time allowed the State to bring a defendant to trial—not to convict him. In the case before us, the defendant was brought to trial within the prescribed period of time under the rule. The rule does not specify how much time is reasonable following a mistrial by reason of a hung jury. Until such a rule is adopted, the only limitation is a "reasonable time."

A question similar to the one before us was presented in *Baldwin v. State*, (1980) Ind., 411 N.E.2d 605. In *Baldwin*, the time limitation of Ind.R.Cr.P. 4(C) would have expired on April 12, 1979. Defendant's first trial began on April 9, 1979, and ended with a hung jury on April 12, 1979. Defendant was then retried on May 2, 1979, over his objection and his motion for discharge. We viewed the circumstances in that case as follows: "The record plainly shows that the defendant's first trial began on April 9, 1979, and ended with a hung jury on April 12, 1979. 'The purpose of these rules is to assure early trials and not to discharge defendants.' *Utterback v. State*, (1974) 261

Ind. 685, 687, 310 N.E.2d 552, 553–54. The defendant makes no contention that the retrial date of May 2, 1979, was occasioned by the unreasonable delay of the State. On this record, we hold that the defendant was not entitled to be discharged under Rule 4(C)." *Baldwin, supra*, 411 N.E.2d at 606.

■ Writs of mandate and prohibition are issued only where the trial court has an absolute duty to act or refrain from acting. This extraordinary remedy is not to be used to resolve an appealable issue nor to short-cut the appeal process. *State ex rel. Marcrum v. Marion Superior Court*, (1980) Ind., 403 N.E.2d 806; *State ex rel. Shelbyville Newspapers, Inc., v. Shelby Superior Court*, (1979) Ind., 396 N.E.2d 337; and *State ex rel. White v. Marion Superior Court*, (1979) Ind., 391 N.E.2d 596. Where the matter lies within the discretion of the trial court or the trial court has issues of fact on which it must base its decision, the Supreme Court will not consider applications for writs of mandate and prohibition since the legal remedy of an appeal is adequate. *State ex rel. Neese v. Montgomery Circuit Court*, (1980) Ind., 399 N.E.2d 375; *State ex rel. White v. Marion Superior Court, supra; State ex rel. Socony Mobil Oil Co. v. Delaware Circuit Court*, (1964) 245 Ind. 154, 196 N.E.2d 752.

■ In the instant case, the trial judge made a factual determination that the defendant was brought to trial within a "reasonable" time. The judge had jurisdiction to make this factual determination and to exercise his judicial discretion in so doing. A review of his decisions in this regard can properly and adequately be handled on appeal. We accordingly deny a permanent writ.

GIVAN, C. J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.