**George R. QUARLES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 585S215.**

Supreme Court of Indiana.

June 16, 1986.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant George R. Quarles was convicted at the conclusion of a jury trial in the Vanderburgh County Circuit Court of two counts of dealing in a schedule II controlled substance, a class B felony. He was further found to be an habitual offender. He was sentenced to two (2) concurrent ten (10) year sentences, one of which was enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised on direct appeal:

1.  whether the trial court erred in admitting certain testimony; and

2.  whether Appellant was denied a fair trial due to prosecutorial misconduct.

I

At the time of this crime, Appellant had recently served a prison sentence. At the trial for this cause, he admitted dealing in the drugs, but argued entrapment, alleging that a police informant, Patricia Richie, agreed to have sex with him in return for his part in the drug transaction. Appellant maintains this was a strong inducement because of his prison sentence. On direct examination, the following took place between defense counsel and Appellant:

"Q. Now, prior to February of '84, you have been in prison, haven't you?

A. Yes, I have.

Q. And that was for a battery?

A. Yes, sir.

Q. Got in a fight or something?

A. That's true."

On cross-examination the prosecuting attorney questioned Appellant, and defense counsel objected, thus:

"Q. Mr. Quarles, you were asked on direct examination why you were in prison ... why you did the four years. In answer to the question, you said that was in reference (sic) to a battery, a fight, is that correct?

A. Yes, that is correct.

Q. Isn't it true that you shot one George Pegue Jr. at close range with a shotgun while he was not armed?

Mr. Canada: I am going to object for reasons previously stated.

By the Court: Objection noted. Same ruling.

Mr. Canada: Continuing objection.

By the Court: Continuing objections noted and the same ruling to each objection.

A. No, that's not exactly true. It's true that I did shoot him, and I did shoot him with a shotgun, but the fact didn't come out in Court because we didn't have a trial. It wasn't a jury trial. My lawyer advised me to plead guilty to the charge of battery, which I did. But the man was armed. He had pulled a revolver on me in a tavern. Back then, I was drinking quite heavily and was out in the streets a lot and this takened place in a tavern called the Blue Note Lounge and the man was armed and he did draw a weapon on me in there, but I was fortunate enough that little fight broke out inside the tavern and they takened him out and I got behind him and the guy that I was with, he had his shotgun in the trunk. Why, I don't know, but he did have one and he told me, ... he opened the trunk and he said, 'man, he's gonna try to kill you, so you's better defend yourself' and that is what I did. I shot him and I served my time for it.

Q. Is it true that Mr. Pegue was on his knees when you shot him?

A. No, it is not true.

Q. Did you see a weapon in Mr. Pegue's hands when you shot him?

A. Yes, I did.

Q. If this man was shooting at you, and if he had a gun, and you shot him, that would be self-defense, wouldn't it?

A. I left the scene of the crime. I ran. If I'd stayed....

Q. If the facts are as you say, that would be self-defense and you would have been not guilty isn't that true?

A. Pardon Me?

Q. If the facts are as you stated here in Court, then that would have been self-defense what you did, shooting him?

A. If I hadn't ran.

Q. But you plead guilty anyway? Right?

A. I plead guilty because I did shoot him.

Q. So, that is a little more than just a fight, isn't it?

A. Well...."

Appellant maintains this testimony was improperly admitted because the existence of the battery conviction was a "mere subsidiary fact" and the details of the offense had no relevance at all.

It is undisputed that this testimony is not generally admissible under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. However, the State argues that defense counsel's direct examination of Appellant, recounted above, "opened the door" to the prior conviction and allowed the testimony at issue. More specifically, the State even concedes that the door was not opened simply by bringing forward the conviction, but rather, it was defense counsel's question, "Got in a fight or something?," which opened the door.

We have held that evidence relied upon to "open the door" must leave the trier of fact with a false or misleading impression of the facts related. *Gilliam v. State* (1978), 270 Ind. 71, 77, 383 N.E.2d 297, 301. It is quite clear that the direct examination of Appellant was an attempt to mitigate his criminal conviction of battery by inviting the jury to infer that a mere fight took

place as opposed to a shotgun shooting. This type of misleading testimony is exactly what was contemplated in *Gilliam,* and "opened the door" for the prosecution to clarify the facts of the prior conviction.

## II

■ Appellant further contends he was denied a fair trial and placed in grave peril by the following remarks of the prosecuting attorney during closing argument:

"Mr. Brinson: [police informants] do have a ... some of them, at least ... have a higher purpose in mind when they go to work. I think Patty Richie is one of these. These little pills don't look like very much, but nonetheless they are worth $25.00 apiece to somebody who wants them bad enough. They will relieve that person's yearning for them for a while and then it is another $25.00, and another pill. After that, another one and another one. Patty Richie was in that position ...

Mr. Canada: Judge, I am going to object to any request by the prosecutor for this jury to decide this case on anything besides the facts in the case. He is asking them to look at the facts outside the record, which are totally unrelated to the case. He is appealing to their prejudices and their passions.

By the Court: Objection is overruled without comment.

Mr. Brinson: Patty Richie told us she was addicted to morphine and dilaudid. I don't think that is outside the record. I think as a result of that, like a lot of drug addicts, she turned to prostitution to support the habit. She turned to forgery, passing bad checks to get money to buy this kind of drugs and she wound up in the State Hospital with a mental nervous breakdown, but there came a point in her life where she said enough is enough. I don't want any more, in fact, I'm going to do something for somebody else. I'm gonna try to help the police get these drugs off the street. I think that is what she did.

\* \* \* \* \* \*

Mr. Brinson: It seemed to me when she said I never had sex with George Quarles in my life, she was telling the truth, and it seemed to me ...

Mr. Canada: Judge, I want to object to the personal ... this is the second example of the prosecutorial misconduct we have had here, to interjecting his personal beliefs into this case ... totally denial to due process, to an act of prosecutorial misconduct for him to interject his personal beliefs in this case.

By the Court: The traditional view is that the attorney have an opportunity to present the evidence as they see it. Objection is overruled. You will have the same opportunity, Mr. Canada."

In addition, the prosecuting attorney also mentioned in closing argument that its purpose was to give the jury "some slant on the evidence as I see it," that it was intended to pursuade the jury, that it was not evidence, and that the evidence at trial should control their decision. Appellant maintains these comments invited the jury to decide the case on grounds other than the guilt or innocence of the accused and injected into evidence the prosecuting attorney's own personal opinion of the veracity of the witnesses.

It has long been held that a prosecuting attorney may comment upon the credibility of the witnesses during closing argument as long as the assertion is based upon reasons which arise from the evidence. *Beard v. State* (1981), Ind., 428 N.E.2d 772, 775, *citing Burns v. State* (1979), 270 Ind. 512, 515, 387 N.E.2d 442, 445, *reh. denied* (1979), and *Hubbard v. State* (1974), 262 Ind. 176, 181, 313 N.E.2d 346, 350. Both the comments to which Appellant objects were comments upon the credibility of Patty Richie and specifically paralleled her testimony that she was addicted to morphine and dilaudid and became an informant in order to help other addicts. As such, the comments were clearly permissible.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.