**Larry Glen NELSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 57S00–8812–CR–980.

Supreme Court of Indiana.

Sept. 5, 1989.

Howard S. Grimm, Jr., John M. Haecker, Grimm, Haecker & Nimmo, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Rape, a Class B felony, for which he received a sentence of ten (10) years, enhanced by twenty (20) years by reason of his status as an habitual offender, and Criminal Deviate Conduct, a Class B felony, for which he received a sentence of ten (10) years, the sentences to run concurrently. The State concedes that the proof submitted on the habitual offender count does not comply with the standards set forth in *Youngblood v. State* (1987), Ind., 515 N.E.2d 522 and therefore advises this Court that the habitual offender finding should be set aside. With this we agree, and it shall be so ordered.

The facts are: On the evening of May 30, 1985, the victim was in Paddy's Tavern in Ligonier, Noble County, Indiana with her boyfriend. She and her boyfriend had an argument and the boyfriend tampered with her car so that the engine would not run.

The owner of the tavern testified that the victim was acting in an "unladylike manner." She was instructed that if she did not behave she would be asked to leave. The owner further testified that the victim was kissing appellant, biting on his ear, sitting on his lap, and that she "straddled" him.

The victim testified that she left the tavern with appellant and got into his pickup truck. They left with appellant driving. She said appellant turned off on a back road and asked her if she had ever been raped. She started to cry and begged appellant to let her out of the truck. She testified that appellant raped her, forced her to commit fellatio, had anal intercourse with her, and raped her a second time. She escaped by advising appellant that she had to go to the bathroom, and when he allowed her to leave the truck, she ran to a nearby residence and obtained help.

Appellant admitted that he had been with the victim in the tavern, that they had left in his truck, but contended that the intercourse was consensual. Appellant's original arrest occurred on June 14, 1985.

A jury trial was held on April 22 through 24, 1986. That trial resulted in a hung jury.

The State filed a motion for retrial on April 29, 1986. On July 23, 1986, counsel for appellant filed a request for a trial date in the fall. A trial date was set for October 21, 1986.

On October 21, 1986, appellant was unable to appear, apparently from an injury, and appellant's counsel moved for a continuance. The trial date was reset for February 17, 1987, which was the first available date on the court's calendar.

On February 10, 1987, the State requested a continuance based upon the well-being of the victim who had grown to trust and rely on a secretary in the prosecutor's office who had assisted in the case and who was going to be unavailable during the trial. The court reset the trial for April 7, 1987.

On April 3, 1987, the State reported to the court that they were unable to locate

the victim and requested the court to allow the case to be tried with the victim's taped testimony from the previous trial. The defendant, however, objected to this procedure, and the court sustained the objection and granted the State until April 7, 1987 to locate the witness.

On April 7, 1987, the victim was present in the courtroom. However, the State then requested a continuance to which appellant objected and moved for dismissal of the cause under Ind.R.Cr.P. 4. The court overruled the objection and the trial was reset for June 2, 1987.

On April 24, 1987, appellant filed a written objection to the continuance and renewed his motion to dismiss. On May 29, 1987, the State again reported they were unable to locate the victim and requested a continuance in order to do so. The court granted the continuance but informed counsel that the court's calendar was congested and that the case could not be tried until September 1, 1987.

Appellant filed another motion to dismiss and a hearing on that motion was held. However, the court ruled that the reasons for the delays were appropriate reasons and that there was not an undue delay in trying the case because of the court's calendar and "other legitimate problems."

In *State ex rel. Brumfield v. Perry Circuit Court* (1981), Ind., 426 N.E.2d 692, this Court observed that Ind.R.Cr.P. 4 does not specify how much time is reasonable following a mistrial by reason of a hung jury. However, the Court stated that until such a provision is made in the rule, the only limitation is a "reasonable time."

■ This Court also has stated that the absence of an essential witness through no fault of the State is a good cause for extending the time period required for a speedy trial. *Kindred v. State* (1988), Ind. 524 N.E.2d 279. This Court also has stated that a congested court calendar is a legitimate reason to extend the time within which the State may bring a defendant to trial. *Bradford v. State* (1983), Ind., 453 N.E.2d 250.

■ Following the mistrial, the first setting for retrial was for October 21, 1986 at the request of appellant's counsel. When the trial date arrived, appellant was unable to appear because of an injury and his counsel moved for a continuance. The case was then set for February 17, 1987, which the court stated was the first available date on its calendar. The trial court was justified in refusing to charge the State with any continuance up to that date.

On February 10, 1987, the State's request for continuance was based upon consideration for the well-being of the victim as above stated and trial was reset for April 7, 1987. On April 3, 1987, the State was unable to locate the victim. On April 7, 1987, although the victim was present in the courtroom, the State for no stated reason asked for a continuance, and the case was reset for June 2, 1987. This would appear to be the only time period for which the State could be charged legitimately.

On May 29, 1987, the State was again unable to locate the victim. The continuance granted at that time, although for a legitimate reason as stated above, also was granted by the trial court upon its observation that its calendar was congested and that September 1, 1987 would be the first date the cause could be tried.

We hold the record in this case clearly demonstrates that the trial judge did not err in overruling appellant's motion for discharge under Ind.R.Cr.P. 4.

As above stated, this cause must be remanded to the trial court with instructions to set aside the finding that appellant is an habitual offender and for resentencing on the rape conviction only. Other questions raised by appellant concerning the hearing on the habitual offender charge need not be considered.

The trial court is affirmed as to appellant's convictions for Rape and Criminal Deviate Conduct.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.