**STATE of Indiana, Appellant–Plaintiff,**

v.

**Robert A. ROTH, Appellee–Defendant.**

No. 49A02–9106–CR–238.

Court of Appeals of Indiana,
Second District.

Feb. 10, 1992.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

Robert W. Hammerle, Indianapolis, for appellee-defendant.

BUCHANAN, Judge.

## CASE SUMMARY

The State appeals the dismissal of charges against defendant-appellee Robert Roth (Roth), claiming the trial court erred when it concluded Roth was denied a speedy trial.

We affirm.

## FACTS

The facts most favorable to the trial court's decision reveal that Roth was charged with burglary, sexual battery and criminal deviate conduct on May 23, 1988. After a jury trial, Roth was acquitted of the burglary charge and found guilty on the remaining counts. Roth's convictions were reversed by this court on appeal. *Roth v. State* (1990), Ind.App., 550 N.E.2d 104.

Following remand, Roth was retried and on October 5, 1990, the trial court declared a mistrial due to a hung jury. That same day, Roth requested a speedy trial pursuant to Ind.Rules of Procedure, Criminal Rule 4(B). The trial court granted Roth's request, but did not set a trial date. On October 9, 1990, the State requested a trial date within the seventy-day time limit imposed by C.R. 4(B), but no date was set.

On December 20, 1990, Roth moved for discharge on the grounds that he had not been tried within seventy days of his request for a speedy trial. On February 21, 1991, after a hearing, the trial court granted Roth's motion for discharge and dismissed the pending counts.

## ISSUE

The *only* issue raised for our consideration is whether the trial court erred when it discharged Roth.

## DECISION

PARTIES' CONTENTIONS—The State claims that C.R. 4 is not applicable in a mistrial/retrial setting. Roth responds that a motion made after a mistrial is declared brings the relevant time limits back into operation.

CONCLUSION—The trial court properly discharged Roth.

■ The State argues that C.R. 4 was not intended to apply to circumstances arising from the retrial of a defendant after a mistrial. In support of its position, the State relies upon *Nelson v. State* (1989), Ind., 542 N.E.2d 1336, and *State ex rel. Brumfield v. Perry Circuit Court* (1981), Ind., 426 N.E.2d 692. An examination of those decisions, however, demonstrates that the State's reliance is misplaced.

In *Nelson* and *Brumfield,* the Supreme Court considered, in the context of mistrial/retrial circumstances, the applications of C.R. 4(A), which provides that a defendant will be released from incarceration if not tried within six months of the filing of charges, and C.R. 4(C), which provides that defendants will be discharged if not tried within one year of the filing of charges.

The Supreme Court determined that the time limits in C.R. 4(A) and (C) did not continue in effect after a mistrial, and that the defendant must be retried within a reasonable time after mistrial. *Nelson, supra; Brumfield, supra.*

The Supreme Court considered the speedy trial requirement of C.R. 4(B), in the context of a retrial after a mistrial, in *Young v. State* (1985), Ind., 482 N.E.2d 246, and *Johnson v. State* (1976), 265 Ind. 470, 355 N.E.2d 240, *cert. denied* 430 U.S. 915, 97 S.Ct. 1326, 51 L.Ed.2d 593. In *Young,* the Supreme Court decided: "When a defendant has moved for a speedy trial pursuant to Ind.R.Crim.P. 4(B) and that trial has ended in a mistrial, *he is required to make another motion to bring the rule back into operation."* *Young, supra* at 249 (emphasis supplied).

■ The State has misconstrued the import of *Nelson* and *Brumfield.* Those cases, as well as *Young* and *Johnson,* stand for the proposition that the time limits which begin to run *before* a defendant's initial trial do not continue to operate *after* the initial trial is declared a mistrial, and that retrial must only occur within a reasonable time. The Supreme Court's decisions in *Young* and *Johnson* unmistakably

provide that, with respect to speedy trial motions made pursuant to C.R. 4(B), a motion *after* the mistrial brings the seventy-day time limit "back into operation." *Young, supra* at 249.

The State concedes that "[u]nder routine application of the 70–day rule, the question would be settled against the State." *Appellant's brief* at 7. The Supreme Court has made clear that the speedy trial rule is to be routinely applied when a defendant makes a proper motion *after* a mistrial has been declared. *Young, supra; Johnson, supra.* The trial court therefore properly discharged Roth in accordance with C.R. 4(B).

Judgment affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I agree that the trial court correctly ordered discharge of the defendant when he was not tried within 70 days of his new motion for speedy trial. In doing so, however, I note that the new motion was an oral motion.

An oral motion for speedy trial is not made pursuant to Ind.Rules of Procedure, Criminal Rule 4(B). The 70–day time period is computed from the time of "filing". The rule therefore contemplates that the motion be *filed*. Of course, a filing takes place when the instrument is delivered to, or received by, the proper officer, generally the clerk of the court. *Kaster v. Heinrich* (1986) 2d Dist.Ind.App., 489 N.E.2d 152. Even if a "filing" takes place by delivery to the judge in open court, the filing nevertheless contemplates a written motion.

Here, however, the trial court granted the oral motion. Accordingly, the arguable defect in the "filing" of the motion was cured and defendant was entitled to be discharged when not tried within the 70–day time period.