Ignatius W. FAULISI, a/k/a Joseph W. Rizzo, Appellant–Defendant Below,

v.

STATE of Indiana, Appellee–Plaintiff Below.

No. 46A03–9203–CR–00093.

Court of Appeals of Indiana, Third District.

Nov. 16, 1992.

Transfer Denied Jan. 20, 1993.

Eugene C. Hollander, Special Asst. to Office of State Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found Ignatius Faulisi guilty of Arson, a class A felony[1]. On appeal, he raises five issues for our review, which we restate as follows:

1. Whether the trial court erred in denying Faulisi's Motion to Dismiss the Amended Charging Information, because the facts alleged therein did not constitute a Class A felony offense?

2. Whether there was sufficient evidence to support Faulisi's conviction?

3. Whether the trial court committed fundamental error when instructing the jury on the elements of arson?

4. Whether the trial court erred in refusing to grant Faulisi's Motion for Discharge based on his right to a speedy trial?

5. Whether Faulisi's sentence of fifty years is excessive?

We affirm.

Faulisi had been employed as the manager of a fireworks store owned by Mark Rizzi. He was fired because Rizzi suspected that Faulisi had been stealing from the business. Later, because he was angry about his being fired as manager, Faulisi made threatening comments against Rizzi and the fireworks store. Then, on June 19, 1990, around midnight, a police officer noticed smoke coming from the fireworks store and proceeded to investigate. He observed Faulisi speeding away in a car with a passenger at his side. Immediately giving pursuit and three miles later, the officer stopped Faulisi's car and inquired about the missing passenger. Faulisi replied that the passenger had started the fire and had escaped on foot. The Officer arrested Faulisi who was later charged on June 25, 1990, with arson, a class A felony.

Faulisi's first trial began on October 30, 1990 and ended on November 2 in a mistrial because the jury was unable to reach a verdict. As a result of two continuances, the court's congested calendar, and the limited availability of Faulisi's counsel, Faulisi was not tried again until November 5, 1991. After the second trial, the jury found Faulisi guilty of arson. He received a sentence of fifty years.

## I.

### Charging Information

The amended charging Information alleged in relevant part:

Ignatius W. Faulisi ... did then and there unlawfully, damage by means of fire the property of Mark A. Rizzi, to-wit:

---

**1.** IND.CODE 35–43–1–1(a)(2) (1988) provides as follows:

A person who, by means of fire or explosive, knowingly or intentionally damages ... property of any person under circumstances that

endanger human life ... commits arson, a Class B felony. However, the offense is a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.

a building located at 9 East U.S. Highway 30, Wanatah, LaPorte County, Indiana under circumstances that endangered human life, to-wit: set fire to a building containing fireworks which resulted in the bodily injury of two firemen.

Record, p. 19.

██ IC 35–43–1–1(a)(2) states that arson "is a class A felony if it results in either bodily injury or serious bodily injury to a person other than a defendant." Faulisi argues that bodily injury to firefighters is not grounds for invoking the class A felony provision because firefighters are paid to incur the risks of responding to fires. Thus, they are not within the class of persons the statute was intended to protect.

This issue was recently addressed for the first time by this court in *Alexander v. State* (1992), Ind.App., 600 N.E.2d 549. In *Alexander*, Judge Hoffman opined that firefighters are within the class of persons protected by IC 35–43–1–1(a)(2). *Id.*, at 552–53. We agree with the result in *Alexander*.

We will not presume that in enacting IC 35–43–1–1(a)(2) the legislature intended to exclude firefighters from the scope of "human life". Giving the words of the statute their plain meaning, we see no basis for distinguishing between the lives of firefighters and the lives of others. Additionally, previous decisions from this court support such a conclusion.

In *Thacker v. State* (1985), Ind.App., 477 N.E.2d 921, we found there was sufficient evidence to support Thacker's conviction for arson, stating:

> The record discloses that the fire was set in a pile of rubbish inside a garage just some seventy-five feet from the main house in a residential area. To say that this fire posed no eminent threat to spreading or enveloping the residential neighborhood, to say the least including the concerned crowd that had gathered by the time firemen arrived at the scene,

*or the firemen themselves in fighting the blaze*, goes against all reason.

*Id.* at 924 (emphasis added).

In *Lahrman v. State* (1984), Ind.App., 465 N.E.2d 1162, *trans. denied*, the defendant was convicted of class B felony arson. However, we found the following Information to encompass charges of *both* class A and B felony arson:

> [Lahrman did] knowingly damage by means of fire property of North State Sales, to-wit: the North State Sales building, located on Route 127 North just north of Angola, Indiana, under circumstances that endangered human life, ... which resulting fire endangered the lives of those persons fighting the fire ... which fire caused bodily injury by smoke inhalation and/or burns to two (2) firemen; ....

*Id.* at 1168. The *Lahrman* decision suggests not only that endangering the life of a firefighter supports a conviction for class B felony arson, but also that bodily injury to a firefighter justifies elevating the offense to a class A felony.

Faulisi bases his argument on a decision by the Supreme Court of Louisiana, *State v. Bonfanti* (1969), 254 La. 877, 227 So.2d 916. In *Bonfanti*, the court considered the following statute: "[a]ggravated arson is the intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or movable, *whereby it is foreseeable that human life might be endangered.*" LA.REV.STAT.ANN. 14:51 (West 1986) (emphasis added). The *Bonfanti* court held that aggravated arson was not effectively alleged where the only lives foreseeably endangered by the fire were those of firefighters because, otherwise, the offense of simple arson[2] would be rendered obsolete. *Id.* at 918. Faulisi analogizes the element of bodily injury in the case at bar, concluding that it too is not intended to apply to firefighters. Because the arson statutes of Indiana and Louisiana

2. "Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in [Article 51 (aggravated arson)]." LA.REV.STAT.ANN. 14:52.

differ substantively,[3] we decline Faulisi's invitation to apply the reasoning from *Bonfanti* to the case at bar.

Our result today is not inconsistent with *Galbraith v. State* (1984), Ind.App., 468 N.E.2d 575, *trans. denied.* In *Galbraith,* this court did not rely on *Bonfanti,* as Faulisi asserts.[4] Rather, we acknowledged the interpretation the Supreme Court of Louisiana gave its own statute, without adopting that interpretation. *Galbraith, supra,* at 578, n. 3.

We agree with the tenor of the Indiana decisions discussed above and find that if arson endangers the lives of firefighters and results in bodily injury to a firefighter, it constitutes a class A felony. The trial court acted properly in denying Faulisi's Motion to Dismiss the amended Charging Information.

## II.

### *Sufficiency of Evidence*

■ Faulisi contends the evidence was insufficient to establish that Faulisi committed the arson. Our test for sufficiency of the evidence requires that we neither reweigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237.

■ Faulisi was convicted under the theory that he either committed the arson himself, or aided in its commission.[5] One is criminally responsible for all the acts of his accomplice which were the natural and probable consequence of their common plan. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247, 1249. In determining whether aiding or abetting may be inferred, the following factors are considered:

(1) presence at the scene of the crime;

(2) companionship with another engaged in a crime;

(3) failure to oppose commission of the crime; and

(4) the course of conduct before, during, and after the occurrence of the crime.

*Johnson v. State* (1986), Ind., 490 N.E.2d 333, 335.

■ The evidence most favorable to the verdict reveals Faulisi and his passenger were present at the scene of the fire when the fire was started. When a police officer arrived in a marked police car, Faulisi drove away at a speed of seventy miles per hour in the rain, despite a speed limit of forty miles per hour. Attempting to pull Faulisi's car over, the officer followed Faulisi for approximately three and one-half miles with his emergency lights activated before Faulisi stopped. Faulisi's passenger then emerged from Faulisi's car and successfully fled on foot. The officer arrested Faulisi, whereupon Faulisi told the officer that his passenger had started the fire at Action Fireworks.

Testimony presented at trial shows Faulisi had a motive for the arson. Angry over being fired and locked out of the business, Faulisi told one witness he was angry enough to kill Rizzi. Another witness, William Taylor, testified that on the day be-

---

**3.** IC 35–43–1–1(a)(2) provides that arson is a class A or class B felony only if the offense is committed "under circumstances that endanger human life"; whereas the Louisiana statute requires only that endangerment to human life be foreseeable. LA.REV.STAT.ANN. 14:51. The court's observation in *Bonfanti* that in every case of arson it is *foreseeable* a firefighter's life will be endangered in an attempt to extinguish the fire is not determinative with respect to the Indiana statute. For arson to be elevated to a class A or class B felony in Indiana, the State must prove beyond a reasonable doubt that there was actual endangerment; a greater burden than showing that endangerment was foreseeable. Thus, to include firefighters within the scope of "human life" that could be endangered

for the purpose of IC 35–43–1–1(a)(2) does not render lesser arson offenses obsolete.

**4.** In *Galbraith,* the issue was not before this court because the defendant failed to make a timely Motion to Dismiss the Information for failure to state facts which constitute an offense. Thus, the defendant waived any error that may have been made by the trial court. *Galbraith, supra,* at 578.

**5.** IND.CODE 35–41–2–4 (1988) provides in pertinent part: "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense...."

fore the fire, Faulisi told Taylor that Taylor should burn Action Fireworks, adding that "someone should do a number on" Rizzi. Record, p. 570–71. Later that same day, Faulisi entered Action Fireworks with a male companion and threatened to have Rizzi harmed and to burn the store down before Rizzi could cheat Faulisi again.

The evidence establishing Faulisi's presence at the scene, his companionship with one whom Faulisi, himself, identified as the arsonist, and his conduct both before and after the crime, is sufficient to support his conviction for arson.

Faulisi also contends the conviction for arson as a class A felony cannot stand because there was insufficient evidence that a bodily injury occurred. "Bodily injury means any impairment of physical condition, including physical pain." IND.CODE 35–41–1–4 (1988). "Medical treatment, bloodshed or visible wounds are not necessary to a finding of bodily injury. The degree of injury is a question of fact for the jury." *Gebhart v. State* (1988), Ind., 525 N.E.2d 603, 604.

■ Viewed most favorably to the verdict, the evidence shows that a volunteer firefighter, Craig Culver, injured his left elbow while fighting the fire. Culver was on a narrow balcony pulling items off the front of the building when he hit his elbow on a post. Culver lost feeling in his hand and fingers, and his hand became numb. After going to the hospital, Culver learned he suffered a bruised tendon. The injury affected him for three or four hours.

■ Faulisi's contention that it was Culver's negligence, not the arson, that caused Culver's injury is without merit. Whether an injury is the result of a crime is a question for the trier of fact. *See Bailey v. State* (1980), 274 Ind. 318, 412 N.E.2d 56, 59. Further, to break the chain of criminal responsibility, an intervening cause must be so extraordinary that it would be unfair to hold the defendant responsible for the result. *Gibson v. State* (1987), Ind., 515 N.E.2d 492, 497. Culver's actions in preventing the spread of the fire were neither extraordinary nor unforeseeable. Thus, there is sufficient evidence

from which the jury could have found Culver suffered bodily injury as a result of the arson.

### III.

#### *Instruction on Arson*

Faulisi contends the trial court erred in giving Instruction No. 10, which provided as follows:

The statute defining the offense of Arson which was in force at the time of the offense charged. [sic] reads in part as follows:

I.C. 35–43–1–1

Sec. 1(a) A person who, by means of fire or explosive, knowingly or intentionally damages:

(1) a dwelling of another person without his consent;

(2) property of any person under circumstances that endanger human life; or

(3) property of another person without his consent if the pecuniary loss is at least five thousand [$5,000];

commits arson, a Class B felony. However, the offense is a Class A felony if it results in either bodily injury or serious bodily injury to any person other than the defendant.

To convict the defendant, the state must have proved each of the following elements:

The defendant

1. By means of fire

2. knowingly or intentionally

3. damaged a dwelling of another person without his consent

[or]

damaged property of any person under circumstance [sic] that endangered human life

[or]

damaged property of another person without his consent and the pecuniary loss was at least $5,000.

If the State failed to prove each of these elements beyond a reasonable

doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of Arson, a Class B felony.

If the State further proved each of these elements beyond a reasonable doubt [sic] the offense resulted in bodily or serous bodily injury to any person other than the defendant, you should find the defendant guilty of Arson, a Class A felony.

Record, p. 54.

First, Faulisi alleges it was erroneous to give the instruction because he was not charged with damaging the dwelling of another person, nor with damaging property of another person with a pecuniary loss of at least $5,000; yet the jury was instructed it could find Faulisi guilty of these actions. Second, from the last paragraph of the instruction, the jury may have concluded that bodily injury need not be established beyond a reasonable doubt.

Because Faulisi did not object to the instruction at trial, any error predicated on the giving of the instruction is waived unless the giving of the instruction would rise to the level of fundamental error. *Cox v. State* (1985), Ind., 475 N.E.2d 664, 669; *Hoemig v. State* (1988), Ind.App., 522 N.E.2d 392, 397, *reh. denied.* Fundamental error is an error so blatant and prejudicial that, if not corrected, it would deny the defendant due process. *Ward v. State* (1988), Ind., 519 N.E.2d 561, 562.

An instruction that is broader than the Information does not require reversal where it appears from the record that the jury was not misled to the prejudice of the defendant. *Dixon v. State* (1981), Ind.App., 425 N.E.2d 673, 678. In determining whether the defendant has been prejudiced, we will consider all the instructions with reference to each other and as an entirety. *Dixon, supra.*

Here, the trial court gave a preliminary instruction containing the Information in which Faulisi was charged with knowingly and intentionally damaging Rizzi's proper-

ty, by means of fire, "*under circumstances that endangered human life*". Record, p. 150 (emphasis added). The trial court further instructed the jury that the State had the burden of proving every essential element of the *crime charged,* and that all the instructions were to be considered as a whole. Record, p. 152, 154 (emphasis added).

None of the evidence presented at trial indicates that the store property functioned as a dwelling for another person. Thus, the jury would not have been misled into convicting Faulisi for arson on a dwelling under IC 35-43-1-1(a)(1). Rather, the evidence focused on the danger posed by the fire and the ultimate injury suffered. We conclude that the trial court's reference to other types of arson did not constitute the type of blatant error which would deprive Faulisi of due process.

Similarly, no fundamental error resulted from the instruction regarding the enhancement element of the resulting bodily injury. The jury was given the text of the arson statute in Instruction No. 5, followed by an instruction that every essential element must be proved by the State beyond a reasonable doubt. This court has recognized there is no fundamental error where an element is missing from a jury's instruction if the element had been an important consideration elsewhere in the jury charge or throughout the entire trial. *See Elliott v. State* (1983), Ind.App., 450 N.E.2d 1058, 1064, *trans. denied* (citing *United States v. Park* (1975), 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489).

Evidence presented at trial shows Culver injured his elbow while fighting the fire, and that he was taken to the hospital from the arson site. Because nothing in the record suggests an alternative cause of his injury, and because the instructions, when read as a whole, stress the importance of proving each element beyond a reasonable doubt, we conclude that the giving of Instruction No. 10 was not such a blatant error nor substantial potential for harm as to force us to categorize this error as fundamental.

## IV.

### *Speedy Trial*

The Information in this case was filed on June 25, 1990, and was amended on July 10. Faulisi's first trial began on October 30, 1990, and on November 2, a mistrial was declared due to the jury's inability to reach a verdict. The retrial was set for December 18, 1990, but was rescheduled for March 5, 1991 to accommodate defense counsel's schedule.

On February 14, 1991, Faulisi filed his list of defense witnesses, which he failed to disclose previously despite the court's order to disclose by August 13, 1990. Expressing a need for additional time to conduct depositions and discovery in light of the disclosed defense witnesses, the prosecutor filed a Motion for Continuance on February 25, 1991. The continuance was granted by the court, and the trial was ultimately rescheduled for November 4, 1991.

In the interim, Faulisi, *pro se*, tendered a Motion to Discharge on June 26, 1991 and a Motion for Speedy Trial on July 26, 1991. The trial court took no action on either of these motions. On October 29, 1991, Faulisi, by counsel, filed a Motion to Dismiss and Discharge. A hearing on the motion was held on November 1, 1991. Later, on the first day of trial, November 4, 1991, the trial court denied the Motion to Dismiss and Discharge.

Faulisi contends the trial court should have discharged him prior to the November 4, 1991 trial date pursuant to Ind.Crim. Rule 4(B)(1) or 4(C). Generally, Crim.R. 4(C) requires that a defendant be tried no more than one year after charges are filed or he is arrested, whichever is later.[6]

Charges against Faulisi were filed on June 25, 1990 and his first trial began approximately four months later. Thus, his first trial, which ended in a mistrial, was within the one year mandate of Crim.R. 4(C).

■ Our supreme court has held that the time limitations of Crim.R. 4(C) do not apply on retrial. *Nelson v. State* (1989), Ind., 542 N.E.2d 1336, 1338. Instead, where a retrial is required because of a hung jury, the only limitation is that the defendant must be retried within a reasonable time. *Id.; State ex rel. Brumfield v. Perry Circuit Court* (1981), Ind., 426 N.E.2d 692, 694; *State v. Roth* (1992), Ind. App., 585 N.E.2d 717, 718. Thus, the question becomes whether Faulisi's retrial was held within a reasonable time.

■ Initially, the trial court scheduled the retrial for December 18, 1990, which clearly would have been within a reasonable period of time. It was moved to March 5, however, when defense counsel requested a delay until February or March because of conflicts with his schedule. Because the acts of an attorney are viewed as the acts of his client, the time period between December 18, 1990 and March 5, 1991 is attributable to Faulisi. *See Vaughan v. State* (1984), Ind.App., 470 N.E.2d 473, 377, *trans. denied.*

Faulisi's late disclosure of his defense witnesses precipitated the State's request for a continuance on February 25, 1991. A continuance is the usual remedy when the other party fails to disclose pertinent information. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1283. The fact that the prosecutor did not depose any of the witnesses on Faulisi's newly submitted list, is of no

---

6. Crim.R. 4(C) provides as follows:
   *Defendant Discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

importance. The prosecutor required the continuance in order to consider to what extent his strategy may have changed in light of Faulisi's disclosure. The trial court properly granted the State's continuance.

In rescheduling the trial after the continuance, the court was limited by its own congested calendar and the limited availability of defense counsel. Faulisi suggested continuing a child molestation case that was scheduled for April 23, 1991 so that Faulisi's retrial could be held on that date. In rejecting Faulisi's suggestion, the trial court noted that the child molestation case had already been continued several times and that another postponement might have adverse effects on the young witness. The trial court was within its discretion to decline holding Faulisi's retrial in place of the child molestation case. *See* West's A.I.C. 35–36–7–3 (Supp.1992).[7]

Faulisi's counsel had no other open dates until the first week of August 1991, which interfered with the trial judge's vacation. Thereafter, Faulisi's counsel was unavailable until the first week of November, 1991. Accordingly, the court scheduled the retrial for November 4, 1991. Although the length of the delay from March 1990 to November 1991 seems extreme, the limited availability of Faulisi's attorney accounted for the majority of that delay.

Faulisi also argues his rights under Crim.R. 4(B)(1) were violated. Crim.R. 4(B)(1) provides in pertinent part:

*Defendant in Jail–Motion for Early Trial.* If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within

said period is had on his motion, or the delay is otherwise caused by his act. . . .

Crim.R. 4(B)(1) applies only if the defendant has made a request for an early trial. Since Faulisi was represented by counsel when his Motion for Speedy Trial was filed *pro se*, it was within the trial court's discretion not to accept or respond to it. *See Kindred v. State* (1988), Ind., 521 N.E.2d 320, 325; *Lock v. State* (1980), 273 Ind. 315, 403 N.E.2d 1360, 1364. Further, the trial court had already determined that defense counsel's busy schedule precluded a trial date prior to November. Thus, Faulisi's retrial was held within a reasonable time. The trial court did not err in refusing to discharge Faulisi on grounds he was denied his right to a speedy trial.

## V.

### Sentence

Finally, Faulisi contends the fifty year sentence imposed upon him is excessive. IND.CODE 35–50–2–4 (1988) provides that the presumptive sentence for a class A felony is thirty years, and that no more than twenty years may be added for aggravating circumstances. Thus, the aggravated sentence of fifty years was within the statutorily authorized term of years.

This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B). The trial court has the discretion to determine whether a sentence will be enhanced or mitigated due to aggravating or mitigating factors. *Concepcion v. State* (1991), Ind., 567 N.E.2d 784, 790. Mitigating factors are not a mandatory consideration in sentencing. Only one valid aggravating factor need be shown to sus-

---

7. IC 35–36–7–3 states as follows:

*Postponements; adverse impact upon certain children.*
(a) This section applies to criminal actions for felonies under IC 35–42 [offenses against a person], for neglect of a dependent (IC 35–46–1–4) and for attempts of those felonies (IC 35–41–5–1).

(b) If a motion is made to postpone a trial or other court proceeding that involves an offense listed in subsection (a), the court shall consider whether a postponement will have an adverse impact upon a child who is less than ten (10) years of age and who:
(1) is the alleged victim of an offense listed in subsection (a); or
(2) will be a witness in the trial.

tain the enhancement of a presumptive sentence. *Id.* at 791.

In enhancing Faulisi's sentence, the trial court found his extensive criminal history, which included serious crimes, to be an aggravating circumstance. The trial court also noted that attempts to rehabilitate Faulisi had failed and would probably continue to fail in the future. Further, the court found that reducing the sentence would depreciate the seriousness of this type of crime, where personal injury and property damage resulted from the offense. Given that an enhanced sentence can be imposed when the only aggravating circumstance is a prior criminal history, the trial court was within its discretion when it enhanced Faulisi's sentence to fifty years. *See Wills v. State* (1991), Ind., 578 N.E.2d 363, 365.

The trial court considered Faulisi's state of anger over his termination as manager as a mitigating circumstance. However, the trial court found that reducing the sentence was not warranted because the provocation of being fired as manager did not excuse Faulisi's actions. The trial court's imposition of the fifty year sentence was not manifestly unreasonable.

Affirmed.

GARRARD and CONOVER, JJ., concur.